Argued June 19, affirmed July 27, 1972

WILSON, *Appellant-Cross-Respondent, v.* WILSON
(No. 367-495), *Respondent-Cross-Appellant.*

499 P2d 828

*Robert A. Bennett,* Portland, argued the cause for
appellant-cross-respondent. With him on the brief
were Willner, Bennett & Leonard, Portland.

*John F. Cramer, Jr.*, Portland, argued the cause for respondent-cross-appellant. With him on the brief were Cramer & Cromwell, Portland.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Plaintiff wife appeals from a divorce decree in her favor, seeking more alimony than the trial court awarded. Defendant cross appealed seeking elimination of a $5,000 award which was included in the decree in plaintiff's favor, secured by an *in rem* lien against a business building.

The parties were married in 1940 and have had no children. Defendant was employed as a railroad worker and plaintiff as a store clerk. While defendant was in the service during World War II and afterward, plaintiff continued working. Defendant attended dental school after the war. He commenced dental practice in Portland in 1953. Plaintiff worked as his office and dental assistant, being trained on the job. She continued with this employment until 1970 at which time the defendant eliminated her from his life in favor of another woman.

During the entire period that she worked for defendant, plaintiff never received any separate income. In the later years of his practice defendant hired other assistants besides plaintiff. In the year preceding their separation he testified that he paid out $7,800 in salaries to the other assistants and in the year of their separation he paid therefor $14,058. In spite of this increase in expenses he had a substantial increase in his own net income before taxes. It is reasonable to

infer that the value of the plaintiff's services to defendant's dental practice was not less than $6,000 per year in recent years. Because of the nonpayment of salary to plaintiff she has not received the benefit of any build-up in social security which she would have received if she had done the same work for a salary.

The trial court awarded plaintiff $11,000 cash which is the net proceeds of the sale of their home, most of the household furniture they possessed, approximately $2,000 that was in separate bank accounts in her name, a 1969 vehicle, a life insurance policy probably worth very little, $500 alimony per month for two years and then $250 per month, and the $5,000 *in rem* lien against the business building payable in three years.

Defendant was awarded his dental practice and all of its assets, and his interest in the business building, subject to the *in rem* lien. His dental practice is situated in this building. It is owned by him in a partnership with another dentist. With its most recent improvements the building is worth something better than $75,000 and apparently has some $55,000 to $60,000 in liens and debts against it. The building provides rental income which is sufficient to amortize the investment over something less than the anticipated life of the building so that it will provide retirement income for defendant. Defendant is contributing to social security for himself, and will receive a minimum Railroad Retirement Act pension. The decree provides that defendant shall receive his 1969 vehicle, bank accounts, growth stocks, and life insurance, which apparently have a net value of around $6,000. Defendant's net income (from which he had deducted depre-

ciation on the business building) before income taxes in 1970 was $19,860 and he estimated it would be some $3,000 greater for 1971.

Defendant testified that plaintiff could obtain employment as a dental assistant as a result of her long experience in his office, and receive therefor a salary of $400 to $500 per month. However, he admitted he had refused to give her a recommendation for such a job. We agree with the trial court that plaintiff should seek employment and contribute to her own living expenses.

With one exception, we think that the trial court's division of the assets and award of alimony were fair and equitable, and within the range of its discretion, in the respects that the law requires it to be. (*See, Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970), for a review of the applicable law.) We do not think that in the award of alimony there was sufficient consideration given to the fact that over a period of many years the plaintiff contributed much to defendant's education and the success of his practice. This, combined with the admitted facts that defendant's business practices precluded plaintiff from building up any substantial retirement potential while defendant's net income and retirement benefits were increasing, leads us to conclude that he should be required to pay more than $250 per month alimony after the first two years. We reject defendant's cross-appeal with reference to the $5,000 *in rem* lien against the business building. The decree is affirmed in all respects, except that the award of alimony after the first two years is increased from $250 to $350 per month.

Affirmed as modified.