Argued March 1, affirmed as modified March 12, 1973

TANN, *Respondent, and* TANN, *Appellant.*

507 P2d 404

. *Robert G. Ringo,* Corvallis, argued the cause for appellant. On the brief were Ringo, Walton, McClain & Eves, Corvallis.

*Willard Bodtker*, Albany, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

## SCHWAB, C. J.

On this appeal by the wife from a decree dissolving the marriage of the parties the only issue is the amount and duration of the alimony which the trial judge ordered be paid her by the husband.

The parties had been married over 30 years at the time of the dissolution. Prior to the decree they had been separated for approximately five years, during which time the husband had been paying $180 per month to the wife for her support.

Both parties had worked for many years. The husband is 54 years old, an employe of the postal department, and earns $10,400 annually with at least small annual increases due in the future. The wife is 52 years old and for 20 years preceding the decree did physical labor in a greenhouse with an annual income which varied from year to year, but which was about $4,300 during the year immediately preceding the decree.

The husband, being a federal employe, anticipates retirement pay at age 65 of at least $311 per month and has provided to him the "usual medical and health benefits available to a federal employe." The wife has no medical or health insurance program and no retirement or pension program except for social security. Unless her earnings substantially increase in the future, and there is no evidence that this is

likely, her social security benefits will be well below the maximum.

There is no dispute about the property settlement. The assets available for distribution were not of great value.

■■ The decree provided that the husband should pay to his wife as alimony the sum of $100 per month for five years. Under the circumstances we find those payments, absent a significant change of circumstances, should continue for a period of 10 years. This will result in alimony being paid to the wife until she reaches the minimum age for social security payments, thus allowing her a moderate amount of security against the contingencies of illness and unemployment, and perhaps an opportunity to accumulate a small amount to supplement what will very likely otherwise be a very modest retirement under social security. Available retirement benefits are a relevant issue, particularly with regard to marriages of long standing. *Wilson v. Wilson,* 10 Or App 162, 499 P2d 828 (1972).

Affirmed as modified. Costs to the appellant.