Argued June 27, reversed and remanded with instructions
July 22, 1974

In the Matter of the Dissolution of the Marriage of
KOLLING, *Appellant, and* KOLLING
(No. D-5106), *Respondent.*
524 P2d 573

*Fred A. Anderson,* Tigard, argued the cause for appellant. On the brief were Anderson, Dittman & Anderson, Tigard.

*Ronald I. Gevurtz,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

In this dissolution-of-marriage case, appellant-wife asks that we change the duration of support awarded by the trial court to her so as to make it permanent.

The parties were married in 1955. There are no minor children. The wife is 53; the husband is 45. The husband is in good health and is regularly employed at an annual salary of approximately $20,000. The wife worked during the early years of the marriage and for an extended period prior to her marriage. She has not worked for the past 15 years. She has a high school education and one year of business college. She has no income other than an insubstantial dividend and interest income.

The wife has health problems of somewhat uncertain magnitude. She has a spastic colon with its attendant frequent problems, she suffers from a sciatic nerve injury which prevents her from sitting or standing for long periods of time, and has phlebitis. The wife believes that these ailments render her unemployable; the husband disagrees but admits that she is not in the best of health. There was no medical testimony introduced by either party.

The trial court's decree ordered that the husband pay support to the wife of $450 per month for five years, at which time all support would cease. The trial court indicated that, if the wife's medical problems lasted past five years, the burden of supporting her

should pass to society as a whole rather than remain with the husband. We find no precedent in support of this concept.

In *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 (1974), we reviewed the standards governing the duration of support to be awarded in dissolution cases. Applying these standards, we find that the support should be permanent. Appellant-wife's age, uncertain health, and lack of work experience for the past 15 years combine to make her unemployable or more likely only employable at a low income compared to her standard of living during marriage. We are therefore of the opinion that an appropriate award of support in this case is $350 per month for two years from the date of the decree and $250 per month thereafter until death or remarriage.

Reversed and remanded for entry of a decree in accordance with this opinion. No costs to either party.