Argued November 24, affirmed December 15, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
McLANE, *Appellant-Cross-Respondent, and*
McLANE (No. 75-0613) (CA 4668), *Respondent-Cross-Appellant.*

543 P2d 47

*Lee A. Omlid,* Eugene, argued the cause for appellant-cross-respondent. With him on the briefs were Morrow & McCrea, P.C., Eugene.

*Robert W. Hill,* Eugene, argued the cause for respondent-cross-appellant. With him on the brief were Hill & Schultz, P.C., Eugene.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

This appeal in a marriage-dissolution case presents only questions related to what husband must pay toward wife's and children's support. There is no quarrel concerning division of property, which, in any event, is minimal considering the length of the marriage. Husband appealed from the part of the decree which awarded wife support and wife appealed from the part that awarded support for the children.

They were married in 1955, and had three children, 19, 18 and 15 at or near time of trial. Husband was in the Air Force from 1952 to 1973, when at age 41 he retired with a $352 per month pension (with a prospect of increase to $400 in the estimation of the trial court). He had been doing dental technician work in the Air Force, and on retirement started a 15-month course at Lane Community College in the same vocation. At time of trial he was leaving upon completion of the course for Ohio to take a part-time job at $10,500 per year with a prospect of more earnings in other part-time jobs. Their son, age 18, lived with him for the preceding year, but at time of trial was graduating from high school and returning to his mother's home in the state of Washington where he planned to start college. The other two children also are with their mother, the oldest in college. Husband has paid nothing during the last two years toward wife's and children's support except for his care of the son. In testimony he offered to pay $75 per month for support of each child, but opposed paying anything for wife, because as a registered nurse she has $768 per month take-home pay. She has completed one year toward retirement income but must complete

19 more years' service with her present employer before retirement.

The trial court awarded wife $200 per month (which it considered to be about one-half of husband's pension which was acquired during their marriage) to be paid by husband until her remarriage or the death of either party, and $100 per month for the 15-year-old child and $10 per month for each of the other two, all of whom would be in wife's custody.

The wife's retirement income is 19 years away; the husband's is in hand with his having prospects of good additional income from his vocation for at least 20 years. Wife worked almost continually as a nurse throughout the marriage. Her earnings went almost entirely to defray family expenses. Thus, in a very real sense, she helped earn the husband's present retirement income, and he should be required to share with her. That was the trial court's reasoning, and it set the amount at $200 per month. But the trial court also said, "* * * I have provided only for $10 a month payments for the older two children hoping that the extra $200 I have ordered [for the wife] will defray the cost of their education while they're in school * * *."

Accordingly, and in view of all the circumstances, and saying as we usually do in such cases that each must be decided upon its own peculiar facts, we leave the trial court's decree as it is. *See Tann and Tann,* 12 Or App 441, 507 P2d 404 (1973).

Affirmed. Costs to neither party.