In the Matter of the Marriage of
CREIGHTON, *Respondent Cross-Appellant,*
*and*
CREIGHTON, *Appellant.*
(No. D-7469, CA 5190)
548 P2d 995

*Thomas A. Davis,* Portland, argued the cause for appellant. With him on the brief were Benson, Arenz, Lucas & Davis, Portland.

*Larry A. Brisbee,* Hillsboro, argued the cause for respondent cross-appellant. With him on the brief were Schwenn, Bradley, Batchelor and Bailey, Hillsboro.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

The only question in this dissolution proceeding is the matter of support for the wife. The trial court ordered support of $250 per month for two years followed by $150 per month for three years. The wife contends support should be increased and made permanent; husband urges that none should be allowed.

This was a 15-year marriage in which there are two children, ages 11½ and 5, who are now with their father. Both husband and wife are well educated. He is presently associate administrator of a large hospital in Portland with an annual salary of $32,000. The wife has a Master's degree from Juilliard School of Music in New York City. During the last five years of the marriage, which terminated by dissolution effective October 16, 1975, wife suffered a mental illness diagnosed as catatonic schizophrenia. This necessitated periodic hospitalization including approximately a year at F. H. Dammasch State Hospital. Her parents live in Pennsylvania, are retired, and are very much interested in their daughter. In an effort to alleviate her condition her parents took her from Dammasch Hospital to Pennsylvania in the fall of 1974 to live with them. After another attempt to live with the family in Oregon in December 1974 and January 1975, wife was again taken to Pennsylvania by her parents where she has since been residing.

Wife's mental illness is characterized as chronic with no known cure and the prognosis for the future is poor. She is presently capable of functioning in the structured environment of her parents' home but it is not known for what period of time her parents will be able to care for her there. She has no income other than the support payments of husband. It is improbable that the wife will be able in the future to help support herself with any type of gainful employment. Husband contends that wife should be committed to a state hospital since, if she were, the cost of her care would be borne largely by a governmental agency,

thus freeing husband's funds for the support of the children and himself.[1]

Wife, on the other hand, contends that permanent support should be awarded now. If in the future she should become able to help support herself or be cared for by some type of public institution and supported by public funds, then husband could properly request modification.

■ We reject husband's contention that no support should be allowed. We incline toward the reasoning of the wife that the support allowance should be permanent. By granting permanent support at this time, we need not speculate on what may happen in the future. If there are changes in circumstances, appropriate modification will be in order.

■ Having concluded that the allowance of support for the wife at this time should be on a permanent basis, we must determine the amount. Bearing in mind the obligations of the husband and the needs of the wife, we consider the initial amount allowed by the trial court, $250 per month, but on a permanent basis, is a reasonable award to be made at this time and the decree should be thus modified.

Affirmed and modified.

---

[1] Husband acknowledges that this court has recently held that there is no precedent for placing the burden of support upon society as a whole rather than the former spouse. *Kolling and Kolling,* 18 Or App 200, 524 P2d 573 (1974).