Argued September 23, affirmed November 1, 1976

In the Matter of the Dissolution of the Marriage of
TIFFEE, *Respondent,*
*and*
TIFFEE, *Appellant.*
(No. 74-2849, CA 6101)

555 P2d 798

*Kenneth A Morrow,* Eugene, argued the cause for appellant. With him on the brief were Morrow & McCrea, P.C., Eugene.

*Roy Dwyer,* P.C., Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

## FORT, J.

At the time of the decree of dissolution in this case, the parties were 55 years old, had been married 36 years, but separated for the last three, and their two children were emancipated. The trial court divided their property substantially equally, awarding each property having a net value of approximately $25,000. The husband was required to pay spousal support of $150 per month for ten years. The wife appeals, seeking a larger share of the property to offset the value of the husband's retirement plan.

The husband has worked throughout the marriage for the same employer, since 1942. His gross income from this source was $14,200 in 1974 and anticipated to be $15,400 in 1975. He has the option of retiring at age 55, 60, 62 or 65, at which time he will receive a Teamsters pension. The amount of the pension is contingent upon the age at which he retires and whether his employer elects to contribute to the pension trust pursuant to a "91¢" commitment. It is not now required to do so. The potential range of the pension is from $217.50 to $553.50 per month. The record is unclear as to whether the husband would receive any funds were his employment to terminate prior to retirement. The husband will also be eligible to receive social security at the eligibility age.

The wife has worked at various jobs during much of the marriage; 1975 was her 17th year as a substitute carrier for the post office. Her total earnings from this source were $3,240 in 1974 and an average of $280 per month in 1975. As a part-time post office employe, she is entitled to no retirement benefits other than social security. In 1975 she commenced work as an Avon Products salesperson, from which she was averaging approximately $110 per month. The record does not show whether she will receive any social security or retirement benefits from her work for Avon. She testified that she intended to continue both jobs for as long as possible, and anticipated that she would earn

$150 per month from the post office and between $250 and $300 per month from Avon. Because the marriage had lasted over 20 years, she might under present social security laws become eligible to receive a portion of the husband's social security benefits. Her health is generally good. She also has been receiving $135 per month income from the parties' rental house.

There was testimony that during the separation of the parties the husband remained in the family residence. Both the husband and the man with whom the wife has subsequently resided paid substantial portions of her living expenses.

Among the assets awarded to the wife were the rental home and a lot. Among the assets awarded to the husband was the family residence, which has a net value of $17,500. Three funds set up by the parties for retirement, totaling $7,000 as of July 1974, were divided about equally between the parties.

██ The wife seeks to have all three funds and the family residence awarded to her, contending that such an award would offset the value of the husband's retirement plan, which he was permitted to retain. A spouse's retirement plan is a relevant factor to consider in determining the amount of spousal support and the nature of the property division. *Tann and Tann,* 12 Or App 441, 507 P2d 404 (1973). Here, however, we conclude that the division of property and spousal support provisions of the decree correctly reflect the weight to be given to all the parties' property, including the husband's retirement plan.

Affirmed. No costs to either party.