On respondent's petition for rehearing, petition for rehearing denied; former opinion modified December 28, 1977
See 280 Or 341, 571 P2d 477 for former opinion

In the Matter of the Dissolution of the Marriage of
GROVE, *Respondent,*
*and*
GROVE, *Petitioner.*
(CA 6484, TC 75-4803, SC 25217)
572 P2d 1320

Margie Hendriksen, associated with Therese Engelmann, Eugene, on the petition for rehearing for respondent.

William A. Babcock, Eugene, for the petitioner.

LENT, J.

**LENT, J.**

In our prior opinion in this dissolution case we reviewed, upon petition by the husband, an award of spousal support to the wife. That opinion reads in part:

"* * * We approve the award of spousal support in the amount of $200 a month until the older child reaches 18.

"Support payments for the older child will end before the wife has completed the four years of schooling which are necessary to her master's degree program. At that time spousal support should be increased in order to permit her to complete her training. We consider a temporary increase to $300 a month at that time to be appropriate.

"By the time support payments for the younger child end, the wife will have had time to complete her contemplated schooling and to find a position in her field. At that time spousal support payments should be substantially reduced * * *." 280 Or 341.

The wife has petitioned for rehearing, asking that we clarify this portion of the opinion.

The opinion was written upon the assumption that child support for each child would end when that child reached 18. In making that assumption, we overlooked the following provision in the decree of dissolution:

"* * * provided, however, that said support payments for Leslie Ann Grove and Matthew Arnold Grove shall continue until said children reach the age of 21 years if said children are students at recognized institutions of higher learning or regularly attending a course of vocational or technical training designed to fit them for gainful employment."

No appeal was taken from that portion of the decree, and we did not mean to imply that it should be changed.[1] Our opinion will be modified to clarify our intended holding. To that end, the portion of the

---

[1] It is not clear whether ORS 107.108 sanctions the inclusion of such a provision in a dissolution decree at a time when the children have not yet reached the age of 18. *See especially* the definition in subsection (4). Neither party has raised that question in this case, and we express no opinion upon it.

original opinion quoted above is withdrawn, and the following is substituted:

"\* \* \* We approve the award of spousal support in the amount of $200 a month to and including the payment due in January 1981, provided that support payments for both children continue until that time. If support payments for either child terminate before that time, spousal support should be temporarily increased to $300, in order to permit the wife to complete her training.

"In any event, spousal support should be reduced after said January 1981 payment. By that time, the wife will have had time to complete her contemplated schooling and to find a position in her field."

The wife has also asked that we reconsider our decision that costs in this court would be awarded to neither party. That determination was not intended to disturb the awards of costs by the trial court and the Court of Appeals. We adhere, however, to our decision that costs will not be awarded in this court.

Our former opinion is modified. Rehearing denied.