Argued and submitted September 30, 1985, Court of Appeals affirmed, trial court
affirmed in part, reversed in part and remanded April 29, 1986

In the Matter of the Marriage of

POPE,

*Respondent on Review,*

*and*

POPE,

*Petitioner on Review.*

(D 7904-62977; CA A30698; SC S31798)

718 P2d 735

William J. Howe, III, Portland, argued the cause for petitioner on review. With him on the petition was Arno H. Denecke, P.C., Salem, and Howe & Harris, Portland.

Jacob Tanzer of Ball, Janik & Novack, Portland, argued the cause for respondent on review.

CARSON, J.

### CARSON, J.

This case involves the attempted modification of a decree of dissolution, which decree approved and incorporated a Property Settlement and Support Agreement executed by the parties.[1]

### FACTS

In June 1980, a decree of dissolution was entered dissolving the 22-year marriage of the parties. The decree, by reference and attachment, expressly made the terms of a document, entitled "Property Settlement and Support Agreement," a part of the decree. The document purported to resolve questions of property division, debts, support to Wife and children, custody and visitation, insurance, and other matters.

For some time before the marriage was dissolved, Husband and Wife were separated. During part of that time, Wife was dating a man, whom, after the dissolution, she married. In March 1983, Husband moved to modify the decree of dissolution in several particulars. The part of the motion presently before us is Husband's request to terminate all future spousal support required by the decree. Prior to hearing, the parties stipulated that Wife's new husband was a man of substantial wealth and that he intended "to continue to support the petitioner [Wife] in her accustomed style and standard of living in the future regardless of whether or not the respondent [Husband] provides spousal support." Husband relied on the fact of Wife's remarriage and an alleged reduction of income on his part as the basis of his motion to modify the decree.

The focal point of the motion to modify spousal support was Paragraph 3.1 of the Property Settlement and Support Agreement. That provision is as follows:

"3.  *SUPPORT OF WIFE.*

"3.1    Husband shall pay Wife the sum of $42,000 per year commencing July 1, 1980 and each year thereafter through June 30, 1990, or until as otherwise terminated as provided herein, said sum to be paid in advance in semi-annual equal

---

[1] For purposes of convenience, we shall refer to the parties as Husband and Wife although, since the dissolution of the marriage, such reference obviously is inaccurate.

payments. The payments to be made to Wife pursuant to this paragraph shall terminate only in the event of the death of Husband or Wife, or on July 1, 1985 if Wife remarries prior thereto, or upon the remarriage of Wife after July 1, 1985, whichever shall first occur."

Initially, Wife contended that the paragraph in question was, in fact, a property division rather than a provision for spousal support and, therefore, unmodifiable. The trial court concluded that the provision related to spousal support and ultimately modified the dissolution decree by eliminating the requirement for spousal support of Wife by Husband. The Court of Appeals also concluded that the provision related to support and not property division. However, the Court of Appeals, acknowledging its power to modify the decree, determined that the property and support agreement should be enforced as written, and reversed the trial court on the issue of spousal support. 73 Or App 242, 698 P2d 518 (1985).

## MODIFICATION OF SUPPORT

We agree that the subject provision of the decree is one for spousal support, and we shall review accordingly.

The legislature has given the courts the power at any time after a decree of dissolution has been granted to set aside, alter or modify any provision for the support of a party. ORS 107.135(1)(a).[2] Notwithstanding the full equity powers granted to a court in dissolution proceedings (ORS 107.405), there are statutory and caselaw restrictions upon the power of the court. As noted, the property divisions of a decree are not subject to modification. *Prime v. Prime,* 172 Or 34, 49-50, 139 P2d 550 (1943). To modify the spousal support provisions of a decree, there must be a change of circumstances. ORS

---

[2] ORS 107.135(1)(a) provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, and after notice to the Support Enforcement Division when required pursuant to subsection (5) of this section, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children and the children attending school, including any provisions for health or life insurance, or for the support of a party or for life insurance under ORS 107.820 or 107.830;"

107.135(2); *but see McDonnal and McDonnal,* 293 Or 772, 652 P2d 1247 (1982). The required change has been variously referred to as a "material," "substantial," or "sufficient" change of circumstances. Further, when no spousal support was awarded in the original decree, the court cannot modify the decree to provide spousal support. *Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966); *McFarlane v. McFarlane,* 43 Or 477, 73 P 203, 75 P 139 (1903).

■     Furthermore, specific language in the decree (*Grove and Grove,* 280 Or 341, 355, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977))[3] or in an underlying property settlement incorporated in the decree (*Prime v. Prime, supra,* 172 Or at 50; *Garnett v. Garnett,* 270 Or 102, 105, 526 P2d 549 (1974)) does not bar the court from modifying the decree as it relates to spousal support. Thus, with certain limited exceptions, the trial court has the power to modify a decree as it relates to spousal support upon the requisite showing of a change of circumstances.

## CONTEMPLATION OF PARTIES

■     Husband argues that when a support-receiving spouse remarries, support payments must terminate unless the new spouse is unable to provide support. Whatever may be the general validity of that proposition, its assertion must be tempered by the requirement of a change of circumstances. Often, remarriage to a more wealthy spouse will indeed provide the requisite change of circumstances. Here, however, the clear language of the support provision in the decree shows that remarriage of Wife was contemplated. Although disputed by Husband, the trial court commented that she was "aware of the fact that these parties knew at the time that the property settlement agreement was entered that wife was going to marry * * * [her present husband]." Where, as here, the parties contemplated a change of the underlying factual predicate in respect of the payment of spousal support, and provided for self-executing adjustments to the decree as a result thereof,

---

[3] In *Grove and Grove,* 280 Or 341, 356 n 12a, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977), we noted that the holding that automatic termination of spousal support upon remarriage was improper in a decree of dissolution "does not apply to a case in which there is * * * a valid property settlement contract * * * which provides for automatic termination of spousal support upon remarriage of the supported spouse."

such anticipated factual change cannot be deemed the requisite change of circumstances, absent fraud, duress or mistake.

In this case, the dissolution court approved the provisions of the Property Settlement and Support Agreement, including the self-executing adjustments should Wife remarry. The provisions necessarily took into consideration the statutory criteria for awarding spousal support. ORS 107.105(1)(d). The fact that the contemplated circumstance has occurred does not deprive the support provision of the requisite "just and equitable" basis.

■ Husband initially offered a second ground for modification, a change in his financial condition. The trial court determined that spousal support must be terminated "as a matter of law" apparently because of the remarriage alone. Absent the remarriage claim for modification, the trial court evidently did not find a sufficient change of circumstances. To the Court of Appeals, Wife argued that there was no change in Husband's financial circumstances substantial enough to excuse his support obligation. Husband did not seriously argue to the contrary. To us, Husband focused only upon the issue of Wife's remarriage to a more wealthy spouse. We conclude that Husband's second ground will not support his claim of change of circumstances.

Concluding that there has not been the requisite change of circumstances necessary to terminate the payment of spousal support, we affirm the decision of the Court of Appeals and its reversal of the trial court in this respect.