Argued and submitted September 5, 1986, affirmed as modified April 22, 1987

In the Matter of the Marriage of

## MARCHIOLI,
*Appellant,*

*and*

## MARCHIOLI,
*Respondent.*

(15-84-05801; CA A37564)

735 P2d 1234

A. J. Morris, Eugene, argued the cause for appellant. With him on the brief was Hoffman, Morris, Giustina & Fox, Eugene.

Larry J. Anderson, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Wife appeals from a dissolution judgment. She contends that the property division was inequitable and that permanent spousal support should have been awarded. We affirm the division of the parties' property but modify the judgment to award permanent spousal support.

This is the second marriage for both parties, and they had been married for 17 years at the time of trial. Wife is now 70 and husband 58. There are no children of the marriage. Wife was awarded spousal support of $300 per month for four years and $200 per month for three years. She has not worked outside the home since she suffered an on-the-job injury 14 years ago. She receives $302 per month Social Security and approximately $65 per month interest income. She suffers from arthritis and lupus and is essentially unemployable on a full-time basis.

Husband has been a truck driver employed by Far West Steel for 19 years. Between 1980 and 1984, his income ranged between $31,701 and $34,412. He also owns a small logging company, which has recorded net losses in recent years; it is essentially a hobby. He has back problems but intends to continue working until age 65, when he will be entitled to pension benefits from his employer's pension plan. If he does not choose early retirement, he will receive a monthly pension of $650.

■ At trial, the court stated that he was awarding the "long half" of the parties' marital assets to wife. The court's intentions conform with the general principles which we espoused for property division in long-term marriages in *Glatt and Glatt,* 41 Or App 615, 622, 598 P2d 1237 (1979). Wife asserts, however, that a disproportionate share of the parties' assets was awarded to husband. Husband—not suprisingly—disagrees. It is unnecessary to recite the parties' conflicting contentions or to detail the evidence regarding the marital assets and marital property. We conclude that the court did not err in the property distribution.

■ Wife contends that, because of her age, health and limited employability, she should be awarded permanent spousal support to allow her, so far as possible, to maintain a standard of living which is not overly disproportionate to the

one enjoyed during marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *Crowley and Crowley,* 82 Or App 27, 727 P2d 141 (1986); *Auld and Auld,* 72 Or App 747, 697 P2d 220 (1985). The difficulty is that, when husband retires, as contemplated, there will be insufficient total income for the parties to have anything but a very modest standard of living. It is clear, however, that at 70 years of age wife has scant prospects of having any more income than she presently receives. Husband's pension plan, Social Security and the income from the assets which he received will provide him the ability to pay moderate spousal support payments even after he stops working.

Judgment modified to award spousal support of $300 per month for 4 years from September 1, 1985, to August 31, 1989, and $250 per month thereafter; affirmed as modified.[1] Costs to wife.

---

[1] Wife also contends that the court erred in not awarding her costs and attorney fees. We affirm the court's decision in that respect.