In the Matter of the Marriage of

MACK,
*Respondent,*
*and*

MACK,
*Appellant.*

(D8612-68949; CA A46544)

762 P2d 1040

Larry J. Blake, Jr., Portland, argued the cause and filed the brief for appellant.

Richard L. King, Portland, argued the cause for respondent. With him on the brief was Mercer & King, Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals from a dissolution judgment. He contends that permanent spousal support should have been awarded and that the division of marital assets was not just and equitable. We agree that spousal support should have been awarded and modify the judgment accordingly.

Husband and wife were married 23 years. Wife, 41, earns approximately $1,950 a month as a lab technician. Husband, 42, is a patient at the Oregon State Hospital. In 1980, he was totally and permanently disabled by an accident. Wife used $11,800 which came to the family on account of the accident to buy automobiles and to pay off a second mortgage on the home that husband had built. She also received the childrens' Social Security checks until they reached majority. In 1986, wife obtained a general power of attorney from husband. Two weeks later she used the power to sell the family home. After using the proceeds to buy a home solely in her name, she filed for dissolution.

Husband receives a monthly Social Security payment of $354, of which $169 is allocated to the hospital.[1] In denying spousal support, the trial court found that an award would not affect husband's standard of living and that "any excess of funds above his [S]ocial [S]ecurity up to the * * * actual [state] cost of care would simply go to the State of Oregon or to the debt [which he owes his mother]." We do not accept that analysis.

There is no reason to put the burden of husband's support only on society, rather than to a fair extent on his former spouse. *Creighton and Creighton,* 25 Or App 159, 162 n 1, 548 P2d 995 (1976); *Kolling and Kolling,* 18 Or App 200, 201, 524 P2d 573 (1974). Wife's income is adequate to support herself and to help support him. Furthermore, she appears to have received a disproportionate share of the marital assets. The fact that a part or all of the spousal support award would go to reimburse the state is not a relevant factor. He does have a need for support.

---

[1] Husband's monthly hospital costs are $3,857. Twenty-five dollars of the $354 is treated as his spending money, $20 provides his mother's travel expenses for visits and $140 is allocated to repay a loan from his mother.

Special circumstances may be taken into account in determining whether spousal support should be permanent. *Grove and Grove,* 280 Or 341, 350, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). They include age and disability, *Marchioli and Marchioli,* 85 Or App 14, 735 P2d 1234 (1987), mental incapacity, *Creighton and Creighton, supra,* 25 Or App at 161, and illness. *Kolling and Kolling, supra,* 18 Or App at 201. Here, as in *Marchioli,* 85 Or App at 17, the incapacitated spouse has at the very best only a slight possibility of earning or otherwise receiving more income in the future. Permanent spousal support of $100 a month is proper, and no reallocation of property is called for.

Judgment modified to award permanent spousal support of $100 per month; affirmed as modified. Costs to husband.