In the Matter of the Marriage of

MAURER,
*Respondent,*
*and*

MAURER,
*Appellant.*

(88-DM-0238; CA A50835)

781 P2d 409

William W. Bromley, Eugene, argued the cause for appellant. With him on the brief was Henderson & Bromley, Eugene.

No appearance for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

190

**RIGGS, J.**

Husband appeals from a dissolution judgment, assigning error to the amount and duration of the spousal support award and to the division of marital property. We review *de novo,* modify the judgment and affirm it as modified.

The parties were married 11 years. They have one child. At the time of trial, husband was 36 and in fair health. He has a high school education and was self-employed as a long-haul truckdriver earning approximately $1,500 a month. Wife, age 34 and in good health, was employed as a retail sales clerk. The trial judge estimated her salary as approximately $1,000 a month. She had completed some college courses and had worked at various jobs throughout the marriage.

The trial judge ordered husband to pay $275 per month child support. He also ordered $600 per month spousal support for the first year, $500 per month for the second year and $250 per month permanently thereafter. Husband argues that the amount and duration of the spousal support award are excessive. He also claims that the trial court erred in awarding wife: (1) all of the equity in the family residence, (2) a gun cabinet, (3) a $625 shotgun and (4) a $1,440 money judgment for delinquent house payments.

We address the property issues first. The court divided the major marital assets as equally as possible.[1] The value of the family home was estimated at $48,000, with a $37,000 balance remaining on a first mortgage. There was also a $23,700 balance remaining on a second mortgage which secured a purchase money loan for husband's truck, the estimated value of which was $39,000.[2] The court awarded wife the $11,000 equity in the house and required her to pay the first mortgage. Husband was awarded the $15,300 equity in the truck and the responsibility for paying the second mortgage. Husband's argument that he should share in the house equity is without merit.

■ Our review of the record convinces us that husband is

---

[1] Wife was awarded marital property with a total worth of $24,830. Husband's property award was $24,700.

[2] Wife testified that the truck was worth approximately $40,000. Husband introduced an appraisal of $36,500.

correct in his objections to the distribution of the gun cabinet and one of the shotguns. Both are rightfully his, the former because wife agreed at trial that he should have it, and the latter because the final judgment of dissolution inadvertently misdescribed the gun intended to be awarded in the trial judge's letter ruling from which the judgment was evidently prepared. We modify the dissolution judgment to provide that the Browning Citori shotgun and the gun cabinet be awarded to husband and that the $80 shotgun be awarded to wife.

The parties dispute whether the money judgment for delinquent house payments was appropriate. Wife testified that the bank received no mortgage payments; husband testified that he made two of the three delinquent payments in the week just before trial. On *de novo* review, we reduce the money judgment to wife contained in paragraph 13 of the dissolution judgment to $480, which represents one delinquent house payment.

Husband also contends that the trial court's spousal support award was improper. We agree. The most significant factor in determining the appropriate sum is whether the spouse can be "self-supporting at a standard of living not overly disproportionate to that enjoyed during the marriage to the extent that is possible." ORS 107.105(1)(d)(E); *Grove v. Grove,* 280 Or 341, 347-48, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977). Considering that there is not a great disparity in the present income of the parties, that wife did not forgo substantial employment during the marriage and that she is relatively young and healthy and has some college education and marketable skills, it appears that her future standard of living will not, in the long term, be overly disproportionate to that which she enjoyed during marriage. Consequently, we reduce the spousal support award to $250 per month for four years, beginning December 15, 1988.

Judgment modified to award husband Browning Citori shotgun and gun cabinet, to award wife other shotgun, to reduce judgment for wife to $480 and to reduce spousal support to wife to $250 per month for four years, beginning December 15, 1988; affirmed as modified. Costs to husband.