Argued and submitted December 8, 1989, affirmed as modified June 20, reconsideration denied August 22, petition for review denied September 18, 1990 (310 Or 393)

In the Matter of the Marriage of

## Charlene J. CURTIS,
*Appellant,*

*and*

## John A. CURTIS, Jr.,
*Respondent.*

(88P-2588; CA A60951)

793 P2d 352

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Chris L. Lillegard, Dallas, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Wife appeals from a dissolution judgment. She assigns error to the denial of her request for spousal support. On *de novo* review, we award wife permanent spousal support in the amount of $350 per month.

The parties lived together for 15 years; they were married for 11 of those years. There are no children from the marriage. Throughout the marriage, husband, 39, worked for the same company, although at various jobs. At the time of dissolution, he was earning about $2,400 per month. His gross income in 1988 was approximately $32,000. For the last three years, he deposited $50 per week directly into a credit union account to which both he and wife had access. Just before this dissolution proceeding, husband withdrew $500, which was the balance of that account. That was the only withdrawal from that account made by husband.

Wife, 34, does not work, because she is permanently disabled. She last worked as a grocery checker in March, 1984. In February, 1986, the Social Security Administration found her permanently disabled, because of chronic and severe anxiety, hypertension and irritable bowel syndrome. She received retroactive benefits of $8,393 in May, 1988, and currently receives $541 a month Social Security benefits. Her prescriptions cost her about $500 per month and, until the dissolution judgment, were paid by husband's health insurance. Wife contends that her other monthly expenses are about $1,200.

Husband argued at trial that wife was unable to account for approximately $25,000 acquired by the parties during their marriage and that she should be held responsible for those funds. The disputed funds consisted of several checks that wife received while the parties were married and still living together, as well as the balance of the credit union account. Wife was responsible for managing the parties' finances during the marriage. She testified that the money was used for living expenses and for some special purchases such as a roof and deck for her mother's house. However, she was unable to account for all of the money, and the trial court found her explanations unbelievable. Husband testified that their living expenses could not account for all of the money. However, he admitted that he did not pay their bills and could

not estimate their expenses. On that record, the trial court made these findings:

"Petitioner has received in excess of $25,000 of the marital assets, which sum is practicably unaccounted for. This sum includes back wages from Social Security Administration of $8,393.31; Federal tax returns of $2,042 and $2,284; $6,700 missing from respondent's credit union account; and charges with Bank of New York in the sum of $1,397.60. Petitioner does offer some explanation, but her explanations are vague and unbelievable."

Wife assigns error to the denial of her request for permanent spousal support. The trial court's denial of spousal support appears to have been based on its finding that wife was responsible for the missing $25,000. Although she was not able to account for the use of all of the money during the marriage, we do not think that that should preclude her from obtaining any spousal support. The parties bore equal responsibility for the management of their money, at least while they were living together and had equal access to it.

Support should be awarded when it is just and equitable for one spouse to contribute to the support of the other so that the recipient spouse may have the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage. *See* ORS 107.105(1)(d). In setting the amount and duration of support, the court must assess each case by taking into account the factors deemed relevant by the legislature, ORS 107.105(1)(d), including special circumstances, such as health problems. ORS 107.105(1)(d)(J)(M); *Grove and Grove,* 280 Or 341, 350, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *see also Mack and Mack,* 93 Or App 431, 762 P2d 1040 (1988); *Creighton and Creighton,* 25 Or App 159, 548 P2d 995 (1976)); *Kolling and Kolling,* 18 Or App 200, 524 P2d 573 (1974).

We conclude that the special circumstances of wife's health problems justify an award of permanent spousal support. Her only income is the Social Security payment that she receives each month. The record shows that she is permanently disabled because of her medical problems. Her prognosis is not good, and she has little prospect of earning more income. Husband is able to help support his former spouse and should do so to avoid putting the burden of her support

entirely on society. *Grove and Grove, supra,* 280 Or at 350; *Mack and Mack, supra,* 93 Or App at 433. Therefore, we award permanent spousal support of $350 per month.

Judgment modified to award wife permanent spousal support of $350 per month, effective date of appellate decision; affirmed as modified. Costs to wife.