Argued and submitted February 4, judgment modified and affirmed as modified
June 19, 1991

In the Matter of the Marriage of

Thomas J. OVERBY,
*Respondent,*

*and*

Diane Jo OVERBY,
*Appellant.*

(D8712-68194; CA A64298)

813 P2d 63

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Richard E. Fowlks, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Wife appeals from a dissolution judgment seeking an increase in the amount of spousal support. The trial court awarded her $200 per month. On *de novo* review, we modify the award.

The parties were married for 24 years. Husband is 50 and wife is 49. They were separated for four and one-half years at the end of the marriage. The separation began when wife moved from the marital home to care for her son from a former marriage, who was dying of cancer. After he died a year later, wife began to suffer serious mental problems and has been under psychiatric care for the last few years. She has been in a mental hospital four times; the longest stay was four and a half months. She was unable to appear at trial. She cannot cook for herself or handle her own finances. She has been living with various relatives; for a year and four months before the trial, she lived with her parents.

Wife's parents, ages 68 and 72, are not in good health and are concerned about their continued physical and financial ability to care for her. Her mother testified that they are considering moving her to a group home that would cost approximately $800 per month. Wife has been paying her parents $350 per month for room and board. She has $841 in outstanding medical bills and needs dental treatment and medical treatment for a possibly cancerous skin condition. She owns a few personal items and a non-functioning car. Her only income, in addition to spousal support, is $396 per month that she receives from Social Security for her mental disability.

Husband earns approximately $1,700 to $1,900 per month. He operates a crane and has worked for Reynolds Aluminum Company for more than 20 years. He has had a heart attack and has clogged arteries. For the past year and one-half he has lived with and supported a 24-year-old woman and her three children. She is not employed and does not receive child support from the father of the children. Husband and his domestic associate have one child. After wife left the family home, husband cared for and supported their two children, then in their teens. He paid no support to wife. He now rents a three bedroom house for $485 a month. He

testified that he cannot afford a stove or a refrigerator. He has several outstanding loans, including $1,640 from a friend, $600 from a credit union, $2,400 on a 1978 car and $4,200 on a 1984 car that he purchased for his domestic associate.

Wife argues that the award of spousal support should be increased. We agree. Spousal support should be awarded in an amount and for a duration that is just and equitable for one spouse to contribute to the support of the other. The overall objective is to allow spouses an opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage. ORS 107.105(1)(d); *Grove and Grove,* 280 Or 341, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). In setting the amount and duration of support, the court must evaluate each case by considering the factors deemed relevant by the legislature under ORS 107.105(1)(d), including special circumstances, such as health problems. ORS 107.105(1)(d)(B), (J),(M); *Curtis and Curtis,* 102 Or App 252, 255, 793 P2d 352 (1990).

Because of her disability, wife has no present earning capacity. Husband has stable employment. He contends that his ability to provide wife with financial support is limited by his own health problems, by his obligation to support his new child and by the significant living expenses that he incurs for himself and his domestic associate. There is no evidence, however, that his health has impaired his earning capacity. Even if we consider his present financial obligations, we conclude that husband is able to and should provide continued spousal support to wife. Under the circumstances, it is just and equitable that he provide permanent support to wife of $400 per month.

Wife also assigns error to the trial court's denial of her request to require husband to provide her medical insurance.[1] We conclude that, under these facts, husband should not be required to do so, not only because of the additional financial burden that it would put on him but also because requiring husband to carry medical insurance for wife would continue to entangle their financial affairs, which we should

---

[1] Until the dissolution is final, wife is covered by medical insurance that husband receives through his employer at no extra cost. After the dissolution, he would have to pay for her medical insurance.

seek to avoid in a dissolution judgment whenever possible. *See Jenks and Jenks,* 294 Or 236, 242, 656 P2d 286 (1982).

Judgment modified to award wife permanent spousal support of $400 per month beginning on the effective date of the appellate decision; affirmed as modified. Costs to wife.