Argued and submitted February 24, affirmed November 18, 1992

In the Matter of the Marriage of

## Barbara M. GETTY,
*Respondent,*
*and*

## Glenn E. GETTY,
*Appellant.*

(D8912-69941; CA A67444)

841 P2d 1198

Keith R. Swensen, Portland, argued the cause for appellant. With him on the brief was Swensen & Gray, Portland.

Mark A. Johnson, Portland, argued the cause for respondent. With him on the brief were Jacqueline L. Koch and Gevurtz, Menashe, Hergert, Larson & Kurshner, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Husband appeals a dissolution judgment. The trial court ordered husband to pay spousal support of $400 per month until the sale of the family home, when the monthly award will increase to $600. Husband claims that the court erred in making the spousal support award and, in the alternative, that the amount awarded is excessive. On *de novo* review, ORS 19.125(3), we affirm.

At the time of trial, husband and wife were 50 and 55 years old, respectively. Their marriage had lasted 28 years. They have one son, age 22. Husband is a registered nurse and is studying for a master's degree, which he will finish in three years. He earns approximately $38,000 annually and receives medical, dental and pension benefits. He presented no evidence of his potential income after he finishes his schooling.

Wife, who has a master's degree, is a calligrapher and certificated teacher. She worked full time while husband attended nursing school in the 1970s. Since then, she has worked only part-time. She co-authored a series of textbooks used to teach handwriting. She currently teaches calligraphy at Portland Community College and conducts occasional weekend workshops. She earns approximately $1,600 per term with no benefits. She receives approximately $15,000 to $18,000 per year in royalties from her handwriting texts. Because several school districts have recently stopped using her books, the royalties will significantly decrease. Although she does hold a valid teaching certificate, she testified that she might experience hiring difficulties due to her age and the unwillingness of school employers to hire an experienced teacher at top salary. She also complained of possible carpal tunnel syndrome that would limit her lifting capacity and interfere with her teaching and calligraphy. Both parties received substantial amounts of property by the dissolution judgment, although husband received more than wife.

The court found:

"Wife's position at trial was that she has the right to work as much as she wants. That is not the Court's view. The actual earning capacity of Wife however was not established by the evidence.

"Due to the length of the marriage, the parties' ages, and the earning history of the past many years, an award of indefinite support is appropriate. The Court does expect the Wife to exert herself to maximize her earnings prior to retirement age. Given her health and the absence of evidence that Wife can be employed full time as a teacher, I cannot and do not conclude that she can obtain a full time teaching position."

■ Husband contends that wife never proved her actual earning capacity and, therefore, failed to establish one of the factors that the court must consider in awarding spousal support. ORS 107.105(1)(d). Husband cites OEC 307[1] for his contention that wife failed to meet her burden of producing evidence and, ultimately, her burden of proof. Wife responds that she presented sufficient evidence of her employment and earnings history to permit the court to ascertain her future earning capacity and that husband failed to rebut it.

Husband is incorrect. The record does contain some evidence of wife's earning capacity, such as her educational background, employment and earning history, professional certification, teaching skills and royalty income and the health, job market and book sales problems that may limit her earning capacity. The evidence, although limited, was sufficient to permit the court to consider wife's earning capacity. *See Grove and Grove*, 280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977).

■ Moreover, the record contains evidence on other statutory factors: wife's age, health, the lack of job opportunities, the standard of living during the marriage, the parties' earnings history and their anticipated living expenses. Husband's economic future is secure and will improve when his education is completed. Wife has made a direct contribution to his professional success. *See Wilson v. Wilson*, 10 Or App 162, 499 P2d 828 (1972). Considering the length of the marriage, the age of the parties and their

---

[1] OEC 307 provides:

"(1) The burden of producing evidence as to a particular issue is on the party against whom a finding on the issue would be required in the absence of further evidence.

"(2) The burden of producing evidence as to a particular issue is initially on the party with the burden of persuasion as to that issue."

respective economic positions, the court did not err in making the award of spousal support. *Grove and Grove, supra.*

The award of $400 per month was intended to help wife meet current living expenses. The court found:

> "The needs of Mrs. Getty *at this time* are $1,200. Her budget can be met by $400. support from Husband until the home is sold; and that will be the order." (Emphasis in original.)

Moreover, the court found that, after the sale of the home, wife's monthly expenses would increase an additional $600. It ordered spousal support to increase $200, partially to offset the new expenses:

> "After the home is sold both parties' expenses will increase significantly. Wife's needs will be about $1,800 and Husband's will be comparable.

> "Husband's average gross [monthly] income this year has been approximately $3,650. His average, net of FICA and taxes is about $2,561.

> "Therefore upon sale of the home, the parties [sic] receipt of their substantial equity and the other assets available, Husband shall pay Wife $600. per month in spousal support until Husband retires or further order of the Court."

The amounts ordered by the court will offset only a portion of wife's anticipated living expenses. She will probably fulfill the court's justified expectation that she will endeavor to secure employment to support herself. The award is necessary to support a standard of living not overly disproportionate to what she enjoyed during the marriage because, as the court found, she is not likely to secure a full-time teaching job and her earning capacity will remain significantly less than husband's.

Affirmed. Costs to wife.