In the Matter of the Marriage of

Charlene J. CURTIS,
*Appellant,*

*and*

John A. CURTIS,
*Respondent.*

(88P-2588; CA A81512)

880 P2d 954

Joseph E. Penna argued the cause and filed the brief for appellant.

Loren W. Collins argued the cause for respondent. With him on the brief was Enfield, Guimond, Brown & Collins.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Wife appeals from a judgment that modified the parties' marital dissolution judgment, reducing her spousal support from $350 to $100 per month. On *de novo* review, we modify the original support award to $225 per month.

The parties lived together for 15 years and were married for 11 of those years. At the time of the dissolution judgment, husband was earning approximately $2,400 per month. Wife, who was 34 at that time, did not work because of permanent disabilities. She was receiving $541 in Social Security benefits. At that time, she had prescription costs of approximately $500 per month that had been paid by husband's health insurance. The trial court did not award wife any spousal support. However, on appeal, we awarded wife indefinite spousal support of $350 per month. We explained that the award was based on wife's health problems, which prevented her from working:

> "We conclude that the special circumstances of wife's health problems justify an award of permanent spousal support. Her only income is the Social Security payment that she receives each month. The record shows that she is permanently disabled because of her medical problems. Her prognosis is not good, and she has little prospect of earning more income. Husband is able to help support his former spouse and should do so to avoid putting the burden of her support entirely on society. *Grove and Grove*, [280 Or 341, 350, 571 P2d 477, *mod* 280 Or 769, 562 P2d 1320 (1977)]; *Mack and Mack*, [93 Or App 431, 433, 762 P2d 1040 (1988)]. Therefore, we award permanent spousal support of $350 per month." *Curtis and Curtis*, 102 Or App 252, 255, 793 P2d 352, *rev den* 310 Or 393 (1990).

In 1993, husband sought a modification of the award of spousal support on the basis of a substantial change of circumstances since the time of the original dissolution judgment. Husband argued that there had been a substantial change of circumstances because his income had decreased and because wife's income had increased and her medical expenses had been substantially reduced. The trial court concluded that there had been a substantial change of circumstances and reduced the monthly support award to wife to $100. Wife appeals the trial court's decision.

 The issue here is whether there has been a sufficient change in the economic circumstances of the parties to justify any modification of the original spousal support award. ORS 107.135(2)(a). The requisite change must be "substantial" and unanticipated at the time of the original judgment. *Johnson and McKenzie*, 100 Or App 640, 643, 787 P2d 1306 (1990); *Grage and Grage*, 109 Or App 311, 819 P2d 322 (1991).

The first change in circumstances that husband relies on is the reduction in his monthly income. At the time of the dissolution judgment, he was earning approximately $2,400 per month. Soon after the dissolution judgment, he was laid off his job. However, within a few months, he obtained a job at Boeing, which paid approximately $3,400 per month. He was laid off from Boeing in April, 1993. Again, he was able to obtain another job fairly quickly. He now earns $1,720 per month. In addition, he receives some overtime pay. Husband's income has decreased since the time of the dissolution judgment.

Husband also relies on wife's increase in Social Security benefits, as well as the reduction in her medical expenses, to justify a change in circumstances. Wife's Social Security benefits have increased from $541 per month to $675 due to cost of living increases. Wife's prescription costs, however, have decreased dramatically from the time of the original judgment. At the time of the original judgment, it was anticipated that wife's costs would be about $500 per month. Since that time, wife has obtained medical insurance for which she pays $78 per month that now covers all but $50 of her prescription costs. This change of circumstances was not anticipated at the time of the original judgment and, in view of the parties' limited assets, it is substantial.

When the reduction in wife's medical costs is considered, together with husband's reduction in income, we conclude that there has been an unanticipated substantial change in circumstances that justifies a reduction in the award of spousal support. However, in view of wife's continued health problems, which seriously limit her ability to work, as well as her limited income, we do not agree with the amount of the reduction in spousal support granted by the

trial court. We hold that the spousal support award should be modified to $225 per month.

Remanded with instructions to modify judgment to award wife $225 per month indefinite spousal support, effective from the date of trial court judgment. Costs to wife.