Argued May 21, affirmed June 18, petition for
rehearing denied July 11, 1973

REA, *Respondent, v.* REA (No. 62657), *Appellant.*

510 P2d 1337

*Hattie Bratzel Kremen,* Salem, argued the cause and filed the briefs for appellant.

*Michael C. McClinton,* Salem, argued the cause for respondent. With him on the brief were Clark, Marsh & Lindauer, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Defendant-husband appeals from the court's determination of his motion to modify child support and

alimony payments provided in the divorce decree which had been entered April 9, 1968. The only part of the order from which the appeal is taken is that which refuses to eliminate the alimony payment required of the defendant.

Subsequent to the entry of the original decree a motion of defendant to modify was heard in June 1970 and an order of modification which reduced child support payments was made at that time and entered on July 8, 1970. On February 12, 1971 the defendant moved for further reductions in support and elimination of alimony. The motion of February 12, 1971 was heard on May 5, 1971, and at the conclusion of the hearing the court stated its decision, allowing modifications favorable to the defendant in both support and alimony but refusing to eliminate the alimony. No formal written order was immediately entered pursuant to that decision. On May 28, 1971 defendant moved to reconsider, contending that the court had not considered all the evidence and had taken an erroneous view thereof, particularly with reference to substantial church contributions the plaintiff had made. The court did not hear this motion until August 26, 1971, at which time it reserved ruling until a transcript of the June 1970 hearing was made available to the court. A principal reason for this requirement was that the court wanted to see whether, in the 1970 hearing, it had considered the plaintiff's church contributions made up to that point of time.

The transcript of the June 1970 hearing was not made available to the court until May 1972. Some mention is made in briefs that this was reporter's delay, but we note that the reporter's notes are in the file. When it was made available the court concluded that

the matter in controversy had been considered in June 1970 and adhered to its decision on the most recent motion to modify, which had been announced in open court on May 5, 1971. Finally, on May 30, 1972 that order, reduced to writing, was signed by the court and on May 31 was filed. This appeal was taken therefrom.

■ The transcripts of the various hearings are part of the record which has been submitted to us. We have reviewed these transcripts and agree with the trial court that the matter of the large church contributions prior to June 1970 was considered and adjudicated in that hearing. This is by reason of the fact that the exhibits submitted at that hearing showed the contributions that had been made. In the later hearing the court correctly considered only any changes which had occurred since that time. *Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972).

■ At the hearing in May 1971 evidence was that plaintiff's church contributions had been substantially reduced since the 1970 hearing. Other evidence at that hearing substantiated the modifications, all favorable to the defendant, which were eventually made by the court. When we consider the often repeated criteria governing the discretion of the trial court with reference to such matters, we conclude that the trial court acted properly in the orders which it made in this inexcusably delayed matter. *See* ORS 107.105; 107.135.

Affirmed.