Argued July 25, affirmed September 22, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
WILLIAMS, *Appellant, and* WILLIAMS
(No. 382-977), *Respondent.*
540 P2d 376

*Wade P. Bettis, Jr.,* Canby, argued the cause for appellant. With him on the brief were Bettis & Reif, Canby.

*Eric C. Larson,* Gresham, argued the cause for respondent. With him on the brief were Burns & Lock, P.C., Gresham.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Appellant-husband appeals from an order of the circuit court denying his motion to modify a dissolution of marriage decree.

The original decree, by incorporation of an agreement between the parties, required the husband to pay support to the respondent-wife for a temporary period. The support award contained a provision whereby the amount of the support was subject to change in the event of an increase in the incomes of the respective parties.[1] The relevant portion of that agreement

[1]

"* * * In the event petitioner's income increases during any subsequent time hereafter by a net amount exceeding $100.00 per month, petitioner shall pay to respondent in addition to the obligation set forth above a sum equal to fifty percent (50%) of the net increase over $100.00 per month. Petitioner's income as disclosed by the 1972 Federal tax return of the parties shall be used as a base in deter-

provided that if the wife's income was in excess of $1,200 a year the "petitioner's obligation for support during the next ensuing year shall be reduced by fifty percent (50%) of the income received by respondent" in excess of the $1,200.

The decree also provided that:

"During the time which petitioner [husband] is responsible for support payments to respondent [wife], petitioner is entitled to examine respondent's income tax returns and the books and records of the nursery business at reasonable intervals but not less than annually. Respondent is entitled at reasonable intervals but not less than annually, the right to inspect petitioner's income tax returns."

The nursery business mentioned above is a partnership originally made up of the husband, the wife, the parties' son and the wife's two brothers. As part of the property settlement the husband relinquished to the wife all right, title and interest in the nursery.

The husband appears to have shifted the emphasis of his case somewhat after filing his motion to modify. In his affidavit in support of his motion to modify the husband alleged that the wife failed and refused to allow him to fully inspect her books and records in order for him to determine his support liability. On the other hand his main emphasis in the trial court and on appeal was as follows:

"When the appellant relinquished his interest in V-W Nursery to the respondent, there remained a fiduciary duty to properly account to the appel-

---

mining such amounts. In the event respondent has income in excess of $1,200.00 during any calendar year while petitioner has an obligation to pay support hereunder, then in that event, petitioner's obligation for support during the next ensuing year shall be reduced by fifty percent (50%) of the income received by respondent which is in excess of such $1,200.00. * * *"

lant since the amount of monthly support was to be determined by the amount of income generated by V-W Nursery. The respondent, in a breach of trust, transferred some interest to her brothers and used the cash basis method of accounting to improperly defer income and not clearly reflect income. Furthermore, the respondent's method of accounting was not consistent with basic accounting principles which worked to the disadvantage of the appellant. This unfair and inequitable use of accounting principles was not within the contemplation of the parties at the time the agreement was made."

In his single assignment of error the husband contends that the trial court erred in failing to find that the wife has a duty to properly account to the husband in order to determine the amount of the wife's income.

■ Our review of a motion to modify support payments is de novo upon the record. *Emery v. Emery,* 5 Or App 133, 481 P2d 656, Sup Ct *review denied* (1971).

In essence the husband's principal complaint is that the wife's true income from the nursery is being wrongfully deferred and concealed by virtue of the accounting method being used by the nursery. He argues in this court, as he did below, that we should require the nursery to change its method of accounting from the cash method to the accrual method. The husband believes that this change could properly bring about a reduction or elimination of the support payments due the wife under the decree. He does not, however, in his brief make any further mention of the previous allegation that the wife has refused to allow him to inspect her books and records.

The record indicates that the nursery is presently employing the same method of accounting as it did at

the time of the execution of the property settlement agreement between the parties and the entry of the decree.

For the reasons which follow we hold that we cannot in this proceeding grant to the husband the relief he seeks.

■ It is of course well settled that one who seeks a modification of a support award must allege and show a change of circumstance in the one spouse's ability to pay or the other's need therefor. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967); *Case v. Case,* 18 Or App 637, 526 P2d 467 (1974).

■ In the case at bar the husband neither alleges, nor can we find in our inspection of the record, a change of circumstance justifying a modification of the support award. There was no evidence that the wife's income has increased. As in *Nelson v. Nelson,* 225 Or 257, 357 P2d 536 (1960), there was no showing that the wife, acting in bad faith, had voluntarily worsened her financial position.

We have not overlooked the fact that since the dissolution of the marriage the wife has voluntarily reduced her partnership interest from a one-third to a one-quarter ownership. She testified that this change was made because "* * * my two brothers were putting in the largest amount of money by far, and we just thought they ought to get a little better return when it comes time to get a return."

While this might, under different conditions, constitute a change of circumstances, the record establishes that because of the weak financial condition of the nursery this change did not worsen the wife's financial position. The evidence showed that no partner has received any salary or income from the nursery either before or since the husband's withdrawal from

the partnership. While the partnership was taking in money, this money was being put back into the business. Most, if not all, of the foregoing facts concerning prior fiscal operations of the business were confirmed by the husband during his testimony at the trial. The nursery is being operated now as it was when the husband was a partner, including the use of a legally acceptable method of income reporting. Without a showing of a change of circumstance modification is not proper.

The decree specifically requires that the wife allow the husband access to her income tax returns, and to the books and records of the nursery. If she has failed to supply the necessary records, the husband's remedy would appear to be by a notice to produce and/or a show cause proceeding. On the other hand, if the husband is seeking an accounting or a declaration of rights, it would appear that his remedy would be either a suit for an accounting or for a declaratory judgment as the case may be.

As to the husband's contention that he is entitled to require the nursery to change its method of accounting, we agree with the trial court that this relief is beyond the authority of either the trial court or this court to grant at this juncture and in this proceeding. It may well be that if the accrual method of accounting were used the husband's support payments to the wife would be reduced, if not eliminated. But this is in effect an objection to the form of the executed property settlement which was signed by the husband, approved in the original decree and from which the husband did not appeal, rather than a claim of a change of circumstance.

Affirmed.