Argued March 28, reversed and remanded
May 7, reconsideration denied June 19, petition
for review denied June 26, 1979

In the Matter of the Marriage of
HADFIELD, *Appellant,*
*and*
HADFIELD, nka Groman, *Respondent.*
(No. D7702-01810, CA 12691)

594 P2d 433

Walter H. Evans, Jr., Portland, argued the cause for appellant. With him on the brief was Evans, Hall & Grebe, Portland.

J. Robert Jordan, Portland, argued the cause and filed the brief for respondent.

[109]

Before Schwab, Chief Judge, and Thornton, Gillette, and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

Husband appeals from a denial of his motion for elimination of spousal support due to a change of circumstances of the parties. We agree that spousal support should be eliminated and therefore reverse the trial court.

The parties were divorced in December, 1977, after a marriage of long duration. Their assets—which were substantial—were approximately equally divided with the exception of the trial court's treatment of the husband's vested retirement account from his employment by the federal government. This account was awarded to the husband in full. At the same time, in order to assure that the wife would also have an income during her retirement, the court directed the payment of permanent spousal support in the amount of $150.00 per month.

Both parties remarried within seven months of the date of the decree. Wife married her employer. Since the remarriage, she has reduced her working hours and her monthly salary has been reduced to $281 per month, approximately one-half of that she was receiving at the time of the dissolution. Her new husband draws about $2,000 per month, before taxes, from his business.

Husband's remarriage was to the owner of a business which operates two retail stores in the Willamette Valley. The enterprise is quite substantial but is losing money, the new wife draws no income from it, and it is presently up for sale. Husband has received a cost of living increase in monthly salary from $1,333 to $1,417 per month.

An order of support is modifiable upon a showing of a change of circumstances. *Horesky and Horesky,* 30 Or App 941, 943, 569 P2d 34 (1977). The fact that the trial judge chose to leave the entire retirement fund with husband in order to assure a continuing income to him from which support could, in turn, be paid to her

does not, as wife argues, alter the nature of the $150 per month payment to her from an award of support to an award of property (which would not be modifiable). The award is support and is modifiable.

■ The question remains: should the award be modified here? On *de novo* review, we hold that it should. Wife's remarriage now assures her of an adequate supportive income from her new spouse. *See Kitson and Kitson,* 17 Or App 648, 523, P2d 575, *rev den* (1974). It is true that the new husband's retirement income picture—he enrolled in a Keogh Plan only 3 years ago—is not necessarily as bright as the former husband's. There is no reason to believe, however, that wife and her new husband will not be able to adequately provide for their needs by the time both retire. Certainly, their needs are adequately met *now,* and we are unwilling to continue (or even suspend) support for the present on the basis of a speculative future.

Reversed and remanded with directions to enter an order modifying the decree by eliminating the requirement for spousal support.