Argued and submitted May 23,
affirmed as modified July 21, 1980

In the Matter of the Marriage of
SMITH,
*Respondent,*
*and*
SMITH,
*Appellant.*

(No. 26329, CA 16507)

613 P2d 1112

Scott McArthur, Monmouth, argued the cause for appellant. With him on the brief was McArthur & Jennings, P.C., Monmouth.

Kenneth E. Shetterly, Dallas, argued the cause for respondent. With him on the brief were Mark Irick, and Hayter, Shetterly and Weiser, Dallas.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

The trial court entered a decree providing in part:

"(3) The Respondent shall pay the sum of $180.00 per month per child, making an aggregate payment of $360.00 per month on account of the care, support, nurture and education of said minor children when he is employed, commencing with the first such payment on the 10th day of November, 1979 and continuing with a like payment on the 10th day of each and every month thereafter, except as hereinafter set forth, ***. When the respondent is not regularly employed he shall pay on account of the care, support and education of each of said minor children the sum of $75.00 per month, payable monthly making an aggregate payment of $150.00 per month. The respondent shall be deemed 'employed' in any calendar month that he engages in work for compensation for a minimum period of sixteen hours. ***"

The parties agree that "historically" husband was out of work for two to four winter months every year due to the seasonal nature of his employment. During the working months his net income was said to be a bit more than $1,100 a month; during seasonal layoffs he would draw $120 per week unemployment compensation. He received $90 a month for service in the National Guard.

The provision reflected the court's attempt to ease husband's burden during periods of unemployment. However, it is unduly complex and is very likely to produce frequent resort to the court to determine the occurrence or nonoccurrence of the 16 hour per month employment "trigger." That consequence can best be avoided by averaging the expectations of employment income and unemployment compensation which are supported by the evidence and averaging the support payable in accordance with husband's overall ability to pay. Doing that, we find his average income to be approximately $11,500 a year and the average support obligation to be $300 per month for

both children. The decree will be amended by substituting the following:

"(3) The Respondent shall pay the sum of $150 per month per child for the care, support, nurture and education of the minor children, commencing on the 10th day of November, 1979, and continuing on the 10th day of each and every month thereafter, until the child attains the age of 18 years or is otherwise emancipated, or until the child attains the age of 21 years and is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit her for gainful employment between the ages of 18 years and 21 years. All such support payments shall be made to the Support Services Unit of the Department of Human Resources, postoffice box 14506, Salem, Oregon 97309."

In all other respects the decree is affirmed.

Affirmed as modified. Costs to respondent.