Argued and submitted May 25, affirmed as modified August 3, 1983

In the Matter of the Marriage of

THIELEN,
*Appellant - Cross-Respondent,*

*and*

JORDAN,
*Respondent - Cross-Appellant.*

(15-81-08864; CA A25533)

667 P2d 12

Gregory L. Hawkes, Tualatin, argued the cause for appellant - cross-respondent. On the briefs were Charles M. Gudger III and Karen A. Petersen, Eugene.

John E. Rodgers, Forest Grove, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from the custody and visitation provisions of a dissolution decree. He contends that the trial court erred in granting custody of the parties' child to wife and in failing to allow him more visitation. Wife cross-appeals. She contends that the trial court erred in failing to impose restrictions on husband's visitation and in allowing husband to deduct visitation costs from his child support obligations.

No useful purpose would be served by detailing the evidence in the case. On *de novo* review, we conclude that the evidence supports the conclusions reached by the trial judge on the issues of custody and visitation, and we find no reason to disturb those conclusions. We therefore affirm the custody and visitation provisions of the decree. *See McFadden v. McFadden,* 206 Or 253, 257, 292 P2d 795 (1956).

The decree requires husband to pay $150 monthly child support until the parties' child is six years old; at that time support increases to $200 monthly. Husband lives in Eugene. Wife and the child live in the Portland area. On cross-appeal, wife contends that the trial court erred in including in the decree the following provision:

> "4. [Husband] shall be responsible for picking up and delivering the child for visitation. [He] may deduct from his child support obligation an amount representing one half of his mileage relating to these transfers, at a rate of 17¢ per mile."

She argues that no evidence was offered at trial as to the need for that provision, that husband created the distance between himself and the child and that he should not be "rewarded" for having done so.

When questioned during oral argument in this court about the reason for the provision, husband's counsel responded that husband had not requested it in the trial court and that it had been included in the decree by the judge without explanation. Counsel also stated that the provision was not a substantial issue insofar as husband is concerned.

We conclude that the offset for mileage is "unduly complex" and "is very likely to produce frequent resort to the court" to settle disputes. *See Smith and Smith,* 47 Or App 257, 259, 613 P2d 1112 (1980). The parties already have sufficient

problems with custody and visitation. Husband's support obligation should be as clear-cut as possible to avoid disputes. We conclude that the child support should not be reduced for mileage incurred during visitation.

Decree modified to delete the portion of paragraph II 4 that allows husband to deduct automobile mileage from his child support obligation; affirmed as modified. Costs to wife.