# In the Matter of the Marriage of

## WOLF,
*Appellant,*
*and*

## WOLF,
*Respondent.*

(D423-109; A40017)

748 P2d 148

John J. Lannan, Gresham, argued the cause and filed the brief for appellant.

J. Mark Weiss, Certified Law Student, Portland, argued the cause for respondent. With him on the brief was Kathleen Kelly Moore, Portland.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals a modification order increasing spousal support for his former wife. Wife asks us to increase the support award further; however, she did not cross-appeal. We affirm.

The parties were divorced in 1976 after almost 30 years of marriage. Wife was awarded $500 a month permanent spousal support. She later moved to increase support from $500 to $800 a month, and husband moved to terminate her support. In a 1983 hearing, the court considered the parties' incomes and wife's inheritance of approximately $150,000 and reduced spousal support to $100 a month, in the belief that wife would be able to subsist on the interest on the inheritance plus other income, including the spousal support.

In 1985, wife again moved to increase spousal support, and husband again moved to terminate. At the hearing, it was established that part of her inheritance had been spent on taxes and expenses which had accrued since the 1976 dissolution. She had also purchased some tangible property and had invested the remaining $80,000 in bonds and mutual funds. The investments were poor, and she had had to invade the principal. At the time of the hearing, she had only approximately $4,700 left, which produced a small amount of monthly income. She was receiving about $200 a month rent from an apartment in addition to the spousal support. She has asthma and another medical problem which causes her hands to perspire uncontrollably. Because of her health and age, 60, she has had difficulty obtaining employment. She occasionally works Fridays and Saturdays handing out food samples in supermarkets. In addition, she cares for her grandson and occasionally for her mentally ill daughter. At the time of the hearing, her regular income totaled $348.75 a month. The trial judge increased spousal support to $500 a month.

Husband took early retirement in 1983 with reduced retirement benefits. His monthly income at the time of the 1986 hearing consisted of $581 from his pension, $563 in Social Security benefits and $1,172 in tax-free military disability pay, totaling $2,316. His present wife had an income of about $1,000 a month. After the 1983 modification, which reduced wife's spousal support, his present wife took early

retirement at age 35 and received a $10,000 disbursement of her PERS fund.

A party moving for modification of spousal support must show a substantial change in circumstances which was not contemplated at the time of the judgment or a previous modification. ORS 107.135; *Echanis and Echanis,* 74 Or App 188, 192, 702 P2d 433 (1985); *Hadfield and Hadfield,* 40 Or App 109, 594 P2d 433, *rev den* 287 Or 1 (1979). Husband argues that wife "squandered" her inheritance by making unwise investments and that there has not been a change in circumstance that was not anticipated or that was not caused by wife's own acts. He relies on portions of the 1983 hearing transcript, which is not part of the record, to show that wife's present circumstances were anticipated by the court and that, therefore, there has not been a substantial change in her circumstances, because her reasonable and necessary expenses have not changed.

We may only consider changes which have occurred since the last modification. *Rea v. Rea,* 13 Or App 579, 581, 510 P2d 1337 (1973); *Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972). Insignificant changes in income or expenses do not warrant modification of spousal support, *Delf and Delf,* 19 Or App 439, 441, 528 P2d 96 (1974), but wife's income has decreased from the assumed $1,500 a month from her own resources on which the previous modification was based to less than one-quarter of that. She invested her inheritance on the advice of brokers. In hindsight the investments were poor, but that does not mean that she squandered the money. A homemaker for almost 30 years, with only an eleventh grade education, she was not a sophisticated investor, but she attempted to invest her inheritance in good faith. *See Williams and Williams,* 22 Or App 558, 562, 540 P2d 376 (1975); *see also Nelson v. Nelson,* 225 Or 257, 260, 357 P2d 536 (1960). Wife's income has dropped drastically, and husband's has increased from $1,600 to $2,316 a month, not including his present wife's income. At wife's age and with her limited education and work experience, there is little or nothing that she can do to restore her economic well-being. We conclude that there has been a substantial, and unanticipated change in circumstances which justifies this modification of spousal support.

Affirmed. Costs to wife.