Argued and submitted December 11, 1989, affirmed as modified March 7, 1990

In the Matter of the Marriage of

JOHNSON,
*Respondent,*
*and*

McKENZIE,
*Appellant.*

(851323; CA A50810)

787 P2d 1306

Stephen A. Lovejoy, Lincoln City, argued the cause for appellant. With him on the brief was Lovejoy & Green, Lincoln City.

F. William Honsowetz, Eugene, argued the cause for respondent. With him on the brief were Jeffrey E. Potter, Eugene, and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Wife appeals an order denying her motion to modify a judgment of dissolution to increase her spousal support and to make it permanent. On *de novo* review, we reverse.

The parties were married in 1969. A judgment of dissolution was entered in November, 1986. The dissolution court found:

> "Wife has idiopathic thrombocytopenic purpura (ITP). She tests positive for inflammatory tenosynovitis, but may not have it. Her rheumatoid factor is positive, but she does not necessarily have it. She tests negative for systemic lupus erythematosus [lupus]. She has better than [a] 50-50 chance of developing one of those auto-immune diseases. Her spleen was removed March 26, 1986, but she is one of the five percent to ten percent of persons for whom that surgery does not control ITP. She is now controlling it with a low dose of prednisone, but from time to time she has been on large doses. * * * She is presently keeping house, caring for [the parties'] two children, going to college and commuting each day to Monmouth, and participating in a carpool for her children's transportation to Neskowin Valley School. She will be qualified to teach school in the 1987-88 school year, and is hopeful of obtaining a teaching position."

The court awarded wife $300 per month spousal support for a period of eighteen months.

In April, 1988, after wife had developed lupus, she moved for modification of the judgment, requesting that her support be increased to $500 per month and be made permanent because of the effects of her disease. Husband is a state policeman who earns approximately $40,000 per year. As of December, 1988, when the modification hearing was held, wife had earned $5,800 as a substitute teacher in 1988. The modification court denied wife's motion, thus effectively terminating spousal support. It concluded that wife's illness is not an unanticipated substantial change of circumstances, after noting that the dissolution court

> "anticipated the *strong possibility* that [wife] *might* become disabled, at least *to some extent* by disease processes. On that account, she received a larger portion of the marital assets

that [sic] did [husband]. Many people with disabilities of various kinds are able to work."[1] (Emphasis supplied.)

Evidence at the modification hearing showed that wife is disabled as a result of severe fatigue caused by lupus. She is able to work only part-time. At least two out of every five days of the work week are "bad days where [she] can't function." She is unable to work two full days in a row. If she works a full day, she must spend the next day in bed.

■■ A party moving for modification of spousal support must show, not only a substantial change of circumstances, but also that the change was not contemplated at the time of the judgment of dissolution. *Wolf and Wolf,* 89 Or App 180, 183, 748 P2d 148 (1988). In this case, although it may have been contemplated at the time of dissolution that there was a "strong possibility" that in the future wife "might" become disabled "to some extent," it is clear from the amount and duration of the spousal support awarded that the dissolution court did not contemplate that wife would be unable to work full-time.[2] We conclude that wife has shown a substantial change of circumstances that was not contemplated at the time of the judgment.[3]

Judgment of dissolution modified to make wife's spousal support permanent and to increase it to $500 per

---

[1] The court also rejected wife's other arguments in support of an unanticipated substantial change of circumstances. Wife contends that the court erred in doing so. Because of our disposition of the case, we do not discuss those issues.

[2] At the dissolution trial, wife's then treating physician testified by deposition that "[a]ll I can say is that I think she has better than a 50/50 chance of coming in with basic auto-immune disease" and that lupus is "potentially" disabling. The doctor agreed with this statement by husband's trial counsel:

"[I]n this particular case the way things stand right now, it is most likely of all the scenarios that you [the physician] will be able to control [wife's] situation with a relatively low dose of prednisone; that she will be able to finish her schooling, and then go on and be a school teacher * * *."

In its letter opinion, the dissolution court stated:

"The condition of Wife's health must enter into calculations of levels of support and property distribution. But against the *possible* dire consequences of her physical ailment(s) must be weighed her indomitable spirit and her willingness to work." (Emphasis supplied.)

[3] The fact that wife received $8,500 more in assets at the time of dissolution than she would have received in an even division is not a persuasive reason to deny her spousal support. She requires support to supplement her income in order to provide a standard of living commensurate with that enjoyed during the marriage.

month, beginning May 1, 1988; affirmed as modified. Costs to wife.