Argued and submitted May 29, reversed and remanded for further proceedings on appeal; affirmed on cross-appeal October 23, 1991

## In the Matter of the Marriage of

### Susan M. GRAGE,
*Appellant - Cross-Respondent,*
*and*

### Gary L. GRAGE,
*Respondent - Cross-Appellant.*

### (D87-0253; CA A65655)

819 P2d 322

Donald P. Richards, Wilsonville, argued the cause for appellant - cross-respondent. With him on the briefs was Burda & Richards, Wilsonville.

Albert C. Miller, Keizer, argued the cause and filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., specially concurring.

**RIGGS, J.**

Wife appeals from a modification of a dissolution judgment that reduces the amount of direct child support payable by husband to $350 per month and requires husband to purchase clothing for the children in the amount of $150 per month. Husband cross-appeals from the denial of his motion to terminate spousal support. On *de novo* review, we reverse and remand on the appeal and affirm on the cross-appeal.

The parties were married for 17 years, and their marriage was dissolved by a stipulated decree of dissolution in November, 1987. The decree awarded the parties joint custody of the two children, gave physical custody to wife and ordered husband to pay child support of $500 per month. At the time of the dissolution, each party kept clothing for the children to wear while staying at each home, except for a few items that the children took with them from one home to the other. The decree awarded wife spousal support of $100 per month for four years, with the condition that support would terminate sooner than four years only in the event of wife's death. At that time, wife's gross income was approximately $5,000 per year and husband's gross income was approximately $41,400 per year. Before the dissolution, wife had been primarily a housewife and earned money by babysitting or by working part-time at a florist shop or a fast food restaurant.

In 1990, husband moved to modify the child support award and to terminate spousal support. Wife counterclaimed for an increase in child support. Husband's motion asserted that there had been a substantial change in circumstances and requested that child support be reduced by $150 per month to account for his contribution of clothing for the children to wear while visiting at his home. At the hearing, he clarified the intent of his motion as not to reduce child support, but to allow him to purchase clothing for the children in lieu of $150 of the support and to pay only $350 directly to wife. He argued that wife could not counterclaim for an increase in child support, because she had not pled specific grounds for an increase. The trial court limited the scope of the hearing on modification of child support to the issue of whether $150 of husband's child support obligation

should be converted to a clothing allowance to be paid and accounted for by husband. Wife's request to amend her pleadings or make an offer of proof was denied.

■■ Wife first assigns error to the trial court's failure to set child support in accordance with the Uniform Child Support Guidelines (guidelines). ORS 25.270 to ORS 25.285; OAR 137-50-320 to OAR 137-50-490. She contends that the trial court failed to recognize that, once a change in circumstances sufficient to warrant a modification has been shown, the guidelines control the amount of child support awarded. She is correct. *See Gay and Gay,* 108 Or App 121, 814 P2d 543 (1991). Having found that a modification was warranted, the trial court should have applied the guidelines to determine the amount of the award.[1] The trial court did not allow the parties to present evidence necessary for a determination of child support under the guidelines. We therefore remand for further proceedings and for calculation of the award in accordance with the guidelines.

■ Husband attempts to persuade us that the trial court did not "modify" the child support award, because the level of support was not reduced, and that, therefore, the guidelines do not apply. Despite husband's assertions that the level of support was unchanged, it is manifest that wife now receives less child support than she did before the modification, when she received $500 per month child support and each party provided clothing for the children. After the modification, wife will receive $350 per month child support and each party must still provide clothing for the children.

■ Husband's argument that the guidelines do not apply to modifications of child support between private parties is meritless. *See* ORS 25.270(1); ORS 25.280; *Gay and Gay, supra,* 108 Or App at 124.

In her second assignment of error, wife argues that the trial court erred in allowing husband to reduce his child

---

[1] The party who moves to modify a support obligation must demonstrate a change in circumstances substantial enough to warrant modification. *Watson v. Watson,* 251 Or 65, 66, 444 P2d 476 (1968). Here, husband moved to modify his child support obligation. Although the trial court made no express finding that husband had shown a change in circumstances substantial enough to warrant a modification of child support, we conclude that it must have so found, and neither party raises as an issue that *husband* did not show a substantial change in circumstances.

support obligation by accounting for his direct contribution of clothing to the children. In the light of our disposition of the first assignment of error, this assignment is moot. However, because the trial court may be faced with the question again on remand, we address it briefly.

■ The parties have had frequent disagreements regarding child support and who should pay for the children's clothing. It is difficult to imagine just how disputes on the annual "accounting" for clothing purchased by husband would be resolved. Without an agreement between the parties that would specifically allow for a direct contribution of services or clothing in lieu of child support, to allow husband to offset his child support obligation by a direct contribution of clothing will complicate the situation and will very likely result in "frequent resort to the court" to settle future disputes. *See Thielen and Jordan,* 64 Or App 163, 165, 667 P2d 12 (1983). The trial court should not reproduce this kind of child support award on remand.

Wife's third assignment of error, that the trial court erred in allowing husband's motion to dismiss her counterclaim for an increase in child support, is moot in the light of our determination of the first issue.

■ Her fourth assignment, that the trial court erred in denying her motion for a new trial, is not reviewable. *Steel Products Co. v. FMD Corp.,* 282 Or 513, 519, 579 P2d 855 (1978); *American Federal Savings v. Rice,* 76 Or App 635, 642, 711 P2d 150 (1985).

■■ Husband asserts in his cross-appeal that the trial court erred in denying his motion to terminate spousal support. He contends that wife's increase in earnings from work and her remarriage constitute a substantial change in circumstances and eliminate the need for continued spousal support.[2] A party seeking modification of a spousal support award must prove a substantial change of circumstances that was not anticipated at the time of the initial award. *Wolf and*

---

[2] Wife also contends that support should not be terminated, because the parties stipulated that spousal support would be terminated only at the end of four years or upon wife's death, whichever event occurred first. That does not prevent a modification of spousal support, if there is the requisite showing of a substantial change in circumstances. *See Pope and Pope,* 301 Or 42, 46, 718 P2d 735 (1986); *Smith and Smith,* 103 Or App 614, 617, 798 P2d 717 (1990), *rev den* 311 Or 87 (1991).

*Wolf,* 89 Or App 180, 183, 748 P2d 148 (1988). Wife's gross annual earnings have increased from approximately $5,000 to $11,400, because she is now working nearly full-time instead of part-time. That change must have been contemplated by the parties and the court when the marriage was dissolved, because the level of support awarded was clearly inadequate for her support otherwise. *See˜Hellweg v. Hellweg,* 30 Or App 995, 568 P2d.710 (1977); *see also Bliven and Bliven,* 106 Or App 93, 96 n 1, 806 P2d 177 (1991).

 Remarriage is not, by itself, a ground for termination or modification of spousal support, but it can be a substantial change in circumstances if the purposes of the initial award are altered by the remarriage. *Bates and Bates,* 303 Or 40, 43-44, 733 P2d 1363 (1987). The decree of dissolution does not state the purposes underlying the award of spousal support. We note that the parties stipulated to an award of spousal support that was temporary and, compared to husband's income-generating ability, nominal. Husband testified that the support was intended to help with the cost of wife's education. Wife testified that she requested spousal support because she "was not making a lot of money and [husband] had the education, he had the knowledge, he had a better paying job, and he said that for the four years that he would go along with it." This testimony suggests that the purpose underlying the spousal support award was to compensate wife partially for her lack of education and employment skills and for the disparity in the parties' earning ability. That disparity continues, even after wife's remarriage.[3] In the light of the continuing disparity and the nominal amount of support awarded, we conclude that husband has failed to prove that there has been a change in circumstances substantial enough to justify terminating spousal support.

On appeal, reversed and remanded for further proceedings and for calculation of the child support award in accordance with Uniform Child Support Guidelines; affirmed on cross-appeal. Costs to wife.

---

[3] Wife's new spouse's income was estimated to be $2,078 per month. No evidence was presented regarding his contribution to the household expenses. Even if we assume that the total amount is available as potential shared income and that wife has available one-half of that income, her standard of living would still be significantly lower than that which she enjoyed during the marriage.

**EDMONDS, J.,** specially concurring.

The majority says:

"In her second assignment of error, wife argues that the trial court erred in allowing husband to reduce his child support obligation by accounting for his direct contribution of clothing to the children. In the light of our disposition of the first assignment of error, this question is moot. However, because the trial court may be faced with this question again on remand, we address it briefly.

"The parties have had frequent disagreements regarding child support and who should pay for the children's clothing. It is difficult to imagine just how disputes on the annual 'accounting' for clothing purchased by husband would be resolved. *Without an agreement between the parties that would specifically allow for a direct contribution of services or clothing in lieu of child support,* to allow husband to offset his child support obligation by a direct contribution of clothing will complicate the situation and will very likely result in 'frequent resort to the court' to settle future disputes. * * * The trial court should not reproduce this kind of child support award on remand." 109 Or App at 314-15. (Emphasis supplied; citation omitted.)

The majority implies that we would uphold an agreement that would "specifically allow for a direct contribution of services or clothing in lieu of child support." 109 Or App at 315. That statement is not necessary to the majority's result, and I do not agree with the implication that a trial court should approve that kind of agreement. Not only would such an agreement become the subject of future litigation, but it also would create problems for the docketing and satisfaction of judgments.

ORS 107.135(5) provides that the dissolution decree is a final judgment as to any installment or payment of money that has accrued. A court does not have the power to set aside, alter or modify the decree as to accrued installments. Oregon courts have consistently held that a court has no authority to order the satisfaction of an accrued and unpaid child support judgment on the basis of equitable considerations. *See Eagen and Eagen,* 292 Or 492, 640 P2d 1019 (1982); *Sheldon and Sheldon,* 82 Or App 621, 728 P2d 946 (1986), *rev den* 302 Or 615 (1987); *Bryant and Bryant,* 70 Or App 443, 689 P2d 1025

(1984); *Alspaugh and Alspaugh,* 44 Or App 505, 605 P2d 1386 (1980).

Approval of the kind of agreement mentioned by the majority will result in court records that reflect unsatisfied judgments, criminal and contempt proceedings against the obligor and garnishment and execution proceedings against the obligor's assets. There is no way to satisfy child support obligations under such agreements on the judgment record, except by requiring the obligee to file periodic satisfactions. Requiring periodic satisfactions would very likely lead to more litigation.

Moreover, trial courts have an affirmative responsibility to approve only property settlement agreements that facilitate the administration of statutorily mandated obligations, such as the payment of child support. Contrary to the majority's suggestion, trial courts should rarely approve such agreements and, then, only under circumstances that make it impractical for child support to be paid in a manner that creates a record of payment.

For these reasons, although I concur with the majority's result, I disassociate myself from the majority's implication regarding the approval of agreements for the payment of support that would not require that payments be reflected in the judicial record.