Argued and submitted June 11, 1993, reversed and remanded in part and otherwise affirmed on appeal; reversed and remanded on cross-appeal June 8, appellant - cross-respondent's motion for reconsideration filed June 16, allowed by opinion November 2, 1994

See 131 Or App 158 (1994)

In the Matter of the Marriage of

Susan M. GRAGE,
*Respondent - Cross-Appellant,*
*and*

Gary L. GRAGE,
*Appellant - Cross-Respondent.*

(D87-0253; CA A77117)

876 P2d 350

Russell Lipetzky argued the cause for appellant - cross-respondent. With him on the briefs was Albert C. Miller.

Donald P. Richards argued the cause and filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals and wife cross-appeals from an order modifying the child support provisions of a dissolution judgment. We affirm in part and reverse and remand in part on the appeal, and we reverse and remand on the cross-appeal.

The parties' marriage was dissolved in November, 1987. Wife was awarded physical custody of two minor children, and husband was allowed visitation that included between 127 overnights in odd-numbered years and 137 overnights in even-numbered years. Husband was ordered to pay child support of $500 per month and spousal support. In 1989, husband moved to decrease the child support award and to terminate spousal support. Wife moved to increase the child support award. In 1990, the trial court terminated spousal support and modified the child support award, by allowing husband a $150 per month credit against the award to reflect husband's regular purchase of clothing for the children. We reversed the termination of spousal support and remanded for recalculation of child support without the clothing adjustment. *Grage and Grage*, 109 Or App 311, 819 P2d 322 (1991).

On remand, after hearing evidence of the parties' financial circumstances as they existed at the time of the 1990 modification hearing, the trial court made findings concerning the parties' incomes. The findings concerning husband's income included an annual bonus from his employer. The trial court then calculated husband's child support obligation in accordance with the child support guidelines. OAR 137-50-330. In performing the calculations, it incorporated the lowest number of overnights provided in the decree and, as a result, it did not apply the "shared custody" provisions of the guidelines. OAR 137-50-450. The trial court then entered a money judgment in favor of wife, including a judgment for arrearages due at that time. In calculating the arrearage, the trial court gave husband a credit of $150 for each month he paid for clothing in accordance with the court's original modification order.

Husband appeals, assigning error to the trial court's failure to apply the shared custody provisions of the child

support guidelines, to the trial court's inclusion of a bonus in husband's annual income, and to the trial court's failure to take evidence of financial circumstances after the initial modification hearing. Wife cross-appeals, assigning error to the trial court's award of the credit against child support.

We begin with husband's assertion that the trial court should have applied the shared custody provisions of the child support guidelines. OAR 137-050-450(1) provides that, if one parent has physical custody of the children no more than 65 percent of the time and the other parent has physical custody no less than 35 percent of the time, the amount of child support "shall be calculated" in accordance with OAR 137-050-450(2) through (10). We have determined that, for the purposes of OAR 137-050-450, the "time" that children spend with one parent or another is to be calculated in terms of overnights. *Southwell and Spettel,* 119 Or App 366, 370, 851 P2d 599 (1993).

In this case, the number of overnights with husband ranges from a low of 127 (34.8 percent) in odd-numbered years to a high of 137 (37.5 percent) in even-numbered years. The average number of overnights is 133 (36.4 percent). Wife argues that we should apply the 1989 overnight figure, because it is the closest time period to the initial modification hearing in 1990. In the alternative, she argues that, even if the average number of overnights would otherwise require application of the shared custody provisions of the child support guidelines, we should not disturb the trial court's award, because applying the shared custody provisions would make so little difference in the award. We disagree.

First, we find no reason to select the 1989 overnights as the basis for the calculation of child support. Doing that ignores the fact that, at least half the time, husband's child support will be predicated on an incorrect number of overnights. Under the circumstances, an average of the overnights in odd- and even-numbered years is appropriate. Second, whether or not the application of the shared custody provisions result in a significant difference in a custody award is irrelevant. The rule is clear: When there is shared custody, the amount of support "shall be calculated" in accordance with the shared custody guidelines. Because there were sufficient overnights to trigger the shared custody provisions of

the child support guidelines, the trial court erred in failing to calculate child support in accordance with those provisions.

Husband's other two assignments require no discussion.

■ We turn to wife's cross-appeal. She argues that the trial court erred in reducing husband's arrearage by $150 for each month he paid for clothing as previously ordered by the court. We agree. There is no question that the trial court has the authority to apply a credit against the modified child support award in the amount of child support already paid. The question is whether the $150 per month expended for clothing constitutes child support. We addressed that question in our prior opinion in this case. Husband argued that the trial court had not modified the child support award when it changed the award from a payment to wife of $500 a month to a payment to wife of $350 a month plus direct contribution to the children of $150 for clothing. We disagreed:

> "Despite husband's assertions that the level of support was unchanged, it is manifest that wife now receives less child support than she did before the modification, when she received $500 per month child support and each party provided clothing for the children. After the modification, wife will receive $350 per month child support and each party must still provide clothing for the children." *Grage and Grage, supra*, 109 Or App at 314.

At least implicit in that analysis is the conclusion that direct contributions of services or clothing to the children may not constitute a substitute form of child support, unless authorized by statute or regulation. To the extent that it was only implicit in our prior opinion, we state the conclusion explicitly now.

The parties have cited no authority for a trial court to apply a credit against child support owing for non-child support services or contributions, and we are aware of none. Equitable considerations alone do not authorize such a credit against a judgment awarding child support. *Eagen and Eagen*, 292 Or 492, 495-96, 640 P2d 1019 (1982). The trial court, therefore, erred in awarding a credit to husband for the $150 per month he paid for the children's clothing.

On appeal, reversed and remanded for recalculation of child support and otherwise affirmed; reversed and remanded on cross-appeal. No costs to either party.