In the Matter of the Marriage of

Susan M. GRAGE,
*Respondent - Cross-Appellant,*
*and*

Gary L. GRAGE,
*Appellant - Cross-Respondent.*

(D87-0253; CA A77117)

884 P2d 589

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

Landau, J., dissenting.

## WARREN, P. J.

Husband seeks reconsideration of our opinion in *Grage and Grage*, 128 Or App 409, 876 P2d 350 (1994) (*Grage II*). We allow the motion and modify our opinion on the cross-appeal only.

The pertinent facts are:

"The parties' marriage was dissolved in November, 1987. * * * Husband was ordered to pay child support of $500 per month and spousal support. In 1989, husband moved to decrease the child support award and to terminate spousal support. Wife moved to increase the child support award. In 1990, the trial court terminated spousal support and modified the child support award, by allowing husband a $150 month credit against the award to reflect husband's regular purchase of clothing for the children. We reversed the termination of spousal support and remanded for recalculation of child support without the clothing adjustment. * * *

"On remand * * * the trial court * * * entered a money judgment in favor of wife, including a judgment for arrearages due at that time. In calculating the arrearage, the trial court gave husband a credit of $150 for each month he paid for clothing in accordance with the court's original modification order." 128 Or App at 411. (Citation omitted.)

Husband appealed the trial court's order and wife cross-appealed. On reconsideration, husband challenges our disposition of wife's cross-appeal.

On the cross-appeal, wife argued that the trial court erred in reducing husband's arrearage by $150 for each month that he paid for clothing. We agreed, noting that, in our first opinion in this case, *Grage and Grage*, 109 Or App 311, 314, 819 P2d 322 (1991) (*Grage I*), we addressed whether the $150 per month expended for clothing constituted child support. 128 Or App at 413. We then said that, implicit in the analysis in *Grage I*[1]

---

[1] In *Grage I*, we said:

"Despite husband's assertions that the level of support was unchanged, it is manifest that wife now receives less child support than she did before the modification, when she received $500 per month child support and each party provided clothing for the children. After the modification, wife will receive $350 per month child support and each party must still provide clothing for the children." 109 Or App at 314.

"is the conclusion that direct contributions of services or clothing to the children may not constitute a substitute form of child support, unless authorized by statute or regulation." 128 Or App at 413.

That is a correct statement of the law. We then said:

"The parties have cited no authority for a trial court to apply a credit against child support owing for *non-child support services or contribution*, and we are aware of none. Equitable considerations alone do not authorize such a credit against a judgment awarding child support. *Eagan and Eagan*, 292 Or 492, 495-96, 640 P2d 1019 (1982). The trial court, therefore, erred in awarding a credit to husband for the $150 per month he paid for the children's clothing." 128 Or App at 413. (Emphasis supplied.)

Husband argues that we were wrong in reaching that conclusion, because there was no stay of the underlying child support order during the pendency of his first appeal. We agree.

In its order modifying child support, the trial court ordered that:

"1.    [Wife] shall have judgment against [husband] in the total sum of $250.00 per child per month, for a total of $500.00 per month, *toward the support of the minor children*, to be paid as follows:

"A.    The sum of $175.00 per child per month, for a total of $350.00 per month * * *

"B.    The sum of $75.00 per child per month, for a total of $150.00 per month * * * which shall be paid in the form of clothing purchases by [husband] on behalf of the children." (Emphasis supplied.)

Although it was wrong, that order *required* husband monthly to purchase clothing with a value of $150 *as part of his child support obligation. See State ex rel Mix v. Newland*, 277 Or 191, 200, 560 P2d 255 (1977).

Our error on wife's cross-appeal was in characterizing the trial court's order as *crediting* husband for direct, non-support contributions. In fact, husband *satisfied* the judgment, which erroneously required him to purchase

clothing for the children as part of the award of child support. Moreover, it would be unfair to require husband, essentially, to pay twice on the same obligation.

*Eagan* does not require us to reach a contrary result.[2] There, the Supreme Court reiterated the general rule that "courts may deem a judgment satisfied only if paid according to its terms * * *." 292 Or at 495. Because husband paid the judgment according to its terms, he is entitled to a satisfaction for clothing purchases he made as part of the original award of child support.

Reconsideration allowed; opinion modified; on appeal, reversed and remanded for recalculation of child support and otherwise affirmed; affirmed on cross-appeal. No costs to either party.

**LANDAU, J.,** dissenting.

We correctly concluded in two previous opinions that expenditures for clothing cannot be considered child support and cannot offset a child support obligation. With that much, the majority and I are in agreement. We also agree that the trial court erred in allowing husband to pay for his children's clothing in lieu of a portion of his child support obligation.

We part company, however, where the majority says that husband nevertheless should be allowed to "satisfy" his past child support obligations with clothing expenditures, because that is what the trial court told him to do. In essence, the majority holds that husband may avoid his statutory obligation to pay the required amount of child support, because he complied with an order that erroneously required

---

[2] In *Eagan*, the trial court awarded custody of the parties' child to the mother and ordered the father to pay $150 per month in child support. However, the father made no support payments, because the child lived with him continuously after the dissolution. Later, he sought an order giving him credit for all accrued support payments. The trial court ordered the judgment for those payments satisfied, for equitable reasons, among others. The Supreme Court reversed, holding, in part, that "judgments cannot be set aside for equitable reasons," and that "payments made directly to children [cannot be] credited against unpaid alimony and support." 292 Or at 496.

Thus, *Eagan* involved an attempt to retroactively modify an accrued support obligation based on equitable considerations. Those are not the facts here. Husband seeks only a satisfaction for money that the judgment required him to pay for the purchase of clothing for the children during the pendency of that appeal.

him to pay less. I cannot join in that easy circumvention of what we have twice held the law requires.

I respectfully dissent.