Submitted on record and brief January 9, reversed and remanded for recalculation
of child support; otherwise affirmed August 23, 2006

In the Matter of the Marriage of

Marie Tilden BLEILER,
nka Marie Tilden,
*Respondent,*

*and*

Steven A. BLEILER,
*Appellant.*

9905-64620; A122482

142 P3d 97

Richard W. Todd filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman and
Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Father appeals an amended judgment modifying a dissolution judgment. He advances a number of different assignments of error pertaining to the trial court's decision to not find mother in contempt, to the court's decision related to parenting time, to the court's calculation of child support, and to the court's award of attorney fees to mother. We reject without discussion all of the assignments of error save the one pertaining to the calculation of child support. On that assignment of error we reverse and remand for reconsideration.

The facts pertaining to the child support issue are few and not in dispute. The original 2000 dissolution judgment awarded mother custody of the parties' two minor children and adopted the parties' stipulation as to parenting time. According to the stipulation, father was entitled to parenting time on the average of slightly more than 35 percent of the overnights each year. Child support was awarded based on the "shared custody" provisions of the child support guidelines, which apply when the noncustodial parent is entitled to parenting time of at least 35 percent of the annual overnights.

In 2001, mother moved to Vancouver, Washington. Father moved for a modification of custody. Much friction between father and mother and the oldest child resulted. Father eventually withdrew the request for modification of custody, but he asked instead for the court to hold mother in contempt for interfering with parenting time and to modify child support payments. The trial court declined to find mother in contempt. It did, however, recalculate child support, this time without applying the shared custody provisions of the guidelines. The trial court explained that it did not believe that father actually was exercising parenting time with the oldest child more than 35 percent of the overnights and that, in any event, father is "not paying enough of the other needs of the children to justify a shared custody calculation." The result was an increase in father's child support obligation.

On appeal, father argues that the trial court erred in failing to apply the shared custody provisions of the child support guidelines. According to father, the court erred in ignoring the fact that, under the terms of the parties' agreement, he is entitled to parenting time of more than 35 percent of the overnights on the average each year. In addition, father argues, the trial court erred in refusing to apply the shared custody provisions on the ground that father was not making additional payments that he is not required to make under the terms of the dissolution judgment.

To determine the amount of child support that a parent is obligated to pay, the trial court must determine, among other things, whether physical custody of the children is awarded to only one parent or is "shared." OAR 137-050-0330(1)(h) (2002).[1] The child support guidelines define "shared physical custody" as "a situation when *by agreement of the parents in writing or by court order* one parent has physical custody not more than 65 percent of the time and the other parent has physical custody not less than 35 percent of the time." OAR 137-050-0450 (2002) (emphasis added). It is the agreement or court order that determines whether custody is "shared" within the meaning of the rule. *See, e.g.*, *Van Etten and Van Etten*, 158 Or App 122, 125, 972 P2d 1213 (1999) (requiring application of shared custody rule when written mediation agreement provided that the father was to have physical custody 40 percent of the time).

The fact that the shared custody rule applies does not end the matter. The amount of child support determined by reference to the shared custody rule is only presumptively correct. OAR 137-050-0330(2)(a) (2002). The trial court may award a different amount based on the considerations set out in the guidelines. OAR 137-050-0330(2)(a)(A) - (P) (2002). The trial court, however, must explain any reason for the variance. OAR 137-050-0330(2)(a) (2002). That explanation is required to take a particular form:

"[A] written finding or a specific finding on the record must be made that the amount is unjust or inappropriate. That

---

[1] The applicable rules for calculating child support were substantially amended in 2003. All references in this opinion are to the rules that were in effect at the time of the hearing.

finding must recite the amount that under the guidelines is presumed to be correct, and must include the reason why the order varies from the guidelines amount. A new support amount shall be calculated by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment to the calculation."

OAR 137-050-0330(2)(b) (2002).

In this case, the original dissolution judgment adopted the parties' stipulation as to parenting time, which provided that father was entitled to custody more than 35 percent of the time. From our examination of the record, it appears that there may have been a dispute as to whether that was true for some particular years, but it seems clear that, on the average, father was entitled to parenting time something in excess of 35 percent of the overnights each year. *See Grage and Grage,* 128 Or App 409, 412, 876 P2d 350 (1994) (concluding that calculating an average of overnights in even- and odd-numbered years was appropriate to determine applicability of the shared custody rule). Consequently, the trial court erred in failing to apply the shared custody rule.

It could be argued that the trial court's decision not to apply the shared custody rule amounts to a finding that the rule would produce a support amount that is unjust and inappropriate. The problem is that, as we have noted, the child support guidelines are very specific about the process by which a trial court may depart from the amount of support that is presumed correct. The trial court's findings in this case did not comply with that process.

Reversed and remanded for recalculation of child support; otherwise affirmed.